JOHN T. CRIM, plaintiff in error, *vs.* SARAH J. CRAWFORD, administratrix, defendant in error.

(MONTGOMERY, Judge, was providentially prevented from presiding in this case.)

Where the defendant moved to open a judgment against him, so as to enable him to take the benefit of the Relief Act of 1868, which motion was overruled, he is not thereby estopped from moving to set aside the judgment, on the ground that he had never been served with the petition and process on which the judgment was founded. (R.)

Judgment. Estoppel. Before Judge CLARK. Schley Superior Court. October Term, 1872.

For the facts of this case, see the decision.

C. T. GOODE, for plaintiff in error.

B. B. HINTON; N. A. SMITH, for defendant.

WARNER, Chief Justice.

This was a motion made in the Court below to set aside a judgment by the defendant therein. The defendant first made a motion to open the judgment, so as to take the benefit of the Relief Act of 1868, which being overruled by the Court, the defendant then moved to set aside the judgment on the ground that he had never been served with the petition and process on which the judgment was founded. The plaintiff then moved to dismiss defendant's last motion, on the ground that he was estopped from making it. The Court held that the defendant was estopped from making that motion, because he had made the prior motion to open the judgment under the provisions of the Relief Act of 1868, and dismissed defendant's motion, to which he excepted.

In our judgment, it was error in the Court, in dismissing the defendant's second motion, on the ground that he was estopped from making it on the statement of facts contained in the record. Estoppels are not generally favored by the law, because the truth is excluded thereby. The fact that the de-

fendant made the motion to open the judgment, to take the benefit of the Relief Act, would be evidence to be considered on the trial of the issue, as to whether he had been served with process in the original suit, but it did not estop him from showing that fact, if he could do so, and we think he should have been allowed the opportunity to have proved the truth of the case.

Let the judgment of the Court below be reversed.