RANDALL C. STEMM, Plaintiff-Appellant, *v.* CHARLES K. RUPEL *et al.*,
Defendants-Appellees.

(No. 74-152;

Second District (2nd Division)—August 8, 1975.

Schlueter & Ecklund, of Rockford, for appellant.

Williams, McCarthy, Kinley, Rudy & Picha, Edward R. Telling and Gilbert & Powers, all of Rockford, for appellees.

Mr. JUSTICE DIXON delivered the opinion of the court:

This is an appeal from an order of the Circuit Court of Winnebago County, Illinois, which dismissed the amended complaint of the plaintiff, on the separate motions to dismiss which the two defendants had filed.

The plaintiff, Randall Stemm, had filed a complaint for damages for personal injuries which had resulted from an automobile accident on October 5, 1967. The defendants were Charles K. Rupel, the driver of the car, and Osco Drug, Inc., the employer of the plaintiff and the driver. Subsequently an amended complaint was filed pursuant to leave of court.

The original complaint alleged that during regular working hours the plaintiff was employed by Osco Drug, Inc., as a stock boy; that during regular hours and at the time of the accident, Charles K. Rupel was employed by Osco Drug, Inc., as assistant manager of a store in Freeport, Illinois; that Charles K. Rupel had asked the plaintiff to accompany him to Rockford, Illinois, for an educational meeting for the promotion of cameras which were handled by the store of which he was the assistant manager; and that at approximately 1:05 a.m. on October 5, 1967, Charles K. Rupel drove his car into a cement bridge abutment, causing extensive and serious injuries to his passenger, the plaintiff. The complaint alleged negligence in one count, and wilful and wanton misconduct in another count. The complaint alleged also the plaintiff's due care, and also, that Charles K. Rupel at all times mentioned was the agent of Osco Drug, Inc., and was acting within the scope of his authority.

The answer to the original complaint filed by Osco Drug, Inc., contained the allegations, designated as affirmative defenses, that at the time of the accident both the plaintiff and the driver of the car were employees of Osco Drug, Inc.; that the injuries sustained by the plaintiff arose out of and in the course of his employment; that the plaintiff had accepted from Osco Drug, Inc., large sums of money in medical benefits and temporary total disability payments designated as benefits being paid pursuant to the Illinois Workmen's Compensation Act; and that the plaintiff was therefore barred from maintaining his action. A motion to dismiss the original complaint filed by Charles K. Rupel stated substantially the same.

In the plaintiff's reply to the affirmative defenses of Osco Drug, Inc.,

he acknowledged that payments were made but not that they were designated as benefits under the Workmen's Compensation Act.

In the plaintiff's amended complaint, which was filed after allowance of Charles K. Rupel's motion to dismiss the original complaint, these additional allegations appeared: "At the time of the occurrence and injury complained of herein and immediately prior thereto the Plaintiff was not engaged in the line of his duty as an employee of Defendant, Osco Drug, Inc. The Plaintiff last worked at the store of the Defendant, Osco Drug, Inc., prior to the occurrence and injury complained of herein, between 5:00 p.m. and 9:00 p.m. on October 4, 1967."

A motion to dismiss the amended complaint was filed by each of the two defendants. Their motions alleged that the plaintiff's complaint showed on its face that his injuries arose out of and in the course of his employment; that the plaintiff, in his reply to the affirmative defenses of Osco Drug, Inc., admitted receipt of benefits paid pursuant to the Illinois Workmen's Compensation Act; that the amended complaint's recital that the plaintiff was "not engaged in the line of his duty as an employee" was contrary to the allegations of his original complaint and so must be untrue; and that the amended complaint failed to state a cause of action against either defendant and should therefore be dismissed.

The order of court allowing the motions, entered March 7, 1974, recited that the court had heard the arguments of counsel and was fully advised; found that the plaintiff and Charles K. Rupel were both employees of Osco Drug, Inc., at the time of the accident, and both of them were at that time engaged in the course of their employment; found that the plaintiff had accepted sums in excess of $75,000 in workmen's compensation benefits from Osco Drug, Inc., and had thereby acknowledged that at the time of the accident he was its employee and a coemployee of Charles K. Rupel; and granted the motion to dismiss of the two defendants and dismissed the plaintiff's complaint. From this order of dismissal the plaintiff has appealed.

The plaintiff argues that the motions to dismiss should not have been allowed, because the amended complaint alleged that at the time of the accident he was not engaged in the line of his duty as an employee; the original complaint did not say otherwise; the original complaint was not verified, and so was superseded by the amended complaint and does not have the effect of an admission; acceptance of benefits was not mentioned in the amended complaint, and was denied in the reply; and in any event, acceptance of benefits would not bar recovery if the plaintiff had not in fact been engaged in the line of his duty as an employee at the time of the automobile accident.

The defendants, on the other hand, argue that the plaintiff's statement

that he was not engaged in the line of his duty when injured was only a conclusion, and so was not admitted by their motions to dismiss; that the plaintiff's original complaint alleged facts showing that he was an employee engaged in the ordinary course of his employer's business at the time of the accident, and repudiation of those allegations cannot be permitted; and that acceptance of benefits was admitted, so the plaintiff should not be allowed now to deny that he was an employee at the time of the accident and was covered by the Workmen's Compensation Act.

We have reviewed the record, and in our opinion the defendant's motions to dismiss should not have been allowed.

■■■ The amended complaint alleges that the plaintiff was employed by Osco Drug, Inc., as a part-time stock boy and handyman during regular working hours, but was not engaged in the line of his duty as an employee after 9 p.m. in the evening preceding the accident. His having been asked by Charles K. Rupel to go along on the trip to Rockford does not indicate that this trip was part of his job with Osco Drug, Inc., as stock boy and handyman and was not just a friendly gesture or accommodation. To be covered by the Workmen's Compensation Act, a person's injuries must have arisen out of and in the course of his employment, and it does not follow that simply because an activity is beneficial to an employer it is also incidental to the employment. (*Martin v. Kralis Poultry Co.*, 12 Ill.App.3d 453, 460-61.) We believe that the amended complaint contains no inconsistencies or equivocations relative to the plaintiff's being outside his employment at the time he was injured, and further, that on this point it is as factual and informative as could reasonably be expected. Although a complaint sets forth a minimum of facts, yet if the allegations and reasonable deductions therefrom reasonably inform the defendants of the plaintiff's claim, the complaint should not be dismissed. (*Courtney v. Board of Education*, 6 Ill.App.3d 424, 427.) We think the amended complaint does this.

■■ Likewise, it does not appear to us that the original complaint should be read as stating or indicating that at the time of the accident the plaintiff was engaged in the usual course of his employer's business, or performing a duty of his employment. (See *Martin v. Kralis Poultry Co.*, 12 Ill.App.3d 453, 460.) In any event the amended complaint does not mention the original complaint, and the original complaint was not verified, so the original complaint cannot now be considered. Where an amended complaint does not refer to or adopt an original complaint, and the original complaint is not verified, it is superseded. (See *Yarc v. American Hospital Supply Corp.*, 17 Ill.App.3d 667, 670; *Burdin v. Jefferson Trust & Savings Bank*, 133 Ill.App.2d 703, 708; *Galiher v. Spates*, 129 Ill.App.2d 204, 207.) The validity of the plaintiff's amended com-

868

plaint is accordingly not impaired by anything said in the original complaint.

■■■ Furthermore, it does not appear to us that the plaintiff admitted receiving benefits under the Workmen's Compensation Act. Rather, in his reply to the affirmative defenses he denied that he had received payments under the Act, and simply acknowledged that he had received payments on account of injuries and damages sustained as a result of the accident. But even if the plaintiff had applied for and received money under the Act, that could not affect his right to maintain this suit if his injuries had not, in fact, resulted from an accident arising out of and in the course of his employment. (*Walsh v. Central Cold Storage Co.,* 324 Ill.App. 402, 417-18; *Rehula v. Bessert,* 322 Ill.App. 146.) Moreover, the amended complaint having sufficiently pleaded, as we have determined, the fact that the plaintiff was not acting in the course of his employment at the time of the accident, that fact was admitted by the motions to dismiss (*Country Mutual Insurance Co. v. Drendel,* 116 Ill. App.2d 466, 470), and so section 5 of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, § 138.5) cannot be considered applicable so as to bar this suit.

For the reasons stated, the order of dismissal entered March 7, 1974, by the Circuit Court of Winnebago County is reversed, and the case is remanded for further proceedings.

Reversed and remanded.

RECHENMACHER, P. J., and T. MORAN, J., concur.