RANDALL C. STEMM, Plaintiff-Appellant, *v.* CHARLES K. RUPEL *et al.*, Defendants-Appellees.

Second District   No. 78-15

Opinion filed February 1, 1979.

Gregory E. Barrett, of Schlueter & Ecklund, of Rockford, for appellant.

Edward R. Telling, of Williams, McCarthy, Kinley, Rudy & Picha, and Don M. Mateer, of Mateer & Erickson, both of Rockford, for appellees.

Mr. JUSTICE WOODWARD delivered the opinion of the court:

In 1973, plaintiff, Randall C. Stemm, brought suit against defendants, Charles K. Rupel (Rupel) and Osco Drug, Inc. (Osco), for injuries suffered when a car driven by Rupel, in which plaintiff was a passenger, struck a cement bridge abutment. This is the second time this case has been before this court on appeal; the first appeal being found at 30 Ill. App. 3d 864, 332 N.E.2d 686.

Plaintiff's complaint to recover damages was in two counts: Count I alleged negligence on the part of Rupel; count II alleged willful and wanton conduct on Rupel's part; both counts sought to hold Osco liable

for Rupel's conduct on an agency theory. A motion to dismiss plaintiff's amended complaint was filed by each of the two defendants. The trial court granted the motion, finding that plaintiff and Rupel were both employees of Osco at the time of the occurrence, and both of them were at that time engaged in the course of their employment; further, the trial court found that plaintiff had accepted sums in excess of $75,000 as workmen's compensation payments from Osco and that he thereby acknowledged that at the time of the occurrence he was in the course of his employment as an employee of Osco and that Rupel was a co-employee. On the first appeal (*Stemm v. Rupel* (1975), 30 Ill. App. 3d 864, 332 N.E.2d 686), this court observed that plaintiff's amended complaint alleged that plaintiff was *not* acting in the course of his employment at the time of the occurrence; that defendant's motion to dismiss admitted these facts and therefore it was held that this suit was not barred by section 5(a) of the Workmen's Compensation Act. (Ill. Rev. Stat. 1975, ch. 48, par. 138.5(a).) Further, the court stated that acceptance of workmen's compensation payments would not affect plaintiff's right to maintain this suit if plaintiff's injuries had not in fact resulted from an occurrence arising out of and in the course of his employment.

On remand of the case to the trial court, Osco filed a counterclaim against plaintiff, alleging that plaintiff had received $82,000 from Osco as workmen's compensation benefits, and if the trial court found that plaintiff was not within the scope of his employment at the time of the occurrence, Osco was entitled to reimbursement of those funds from plaintiff.

Following extensive discovery by both sides, defendants filed a joint motion for summary judgment. In support of their motion, defendants attached copies of the pretrial depositions of Rupel and plaintiff, and copies of correspondence between plaintiff's attorney and Osco's workmen's compensation carrier, indicating that workmen's compensation benefits were solicited on plaintiff's behalf, and that plaintiff had accepted in excess of $75,000 from the insurance carrier as workmen's compensation benefits. Defendants filed a memorandum of law in support of their motion in which they contended that the question of plaintiff's employment status was one of law, since from the facts outlined in the summary judgment motion, the only inference possible is that plaintiff's injuries arose out of and in the course of his employment. The trial court found that there was no genuine issue as to any material fact, and that defendants were entitled to judgment as a matter of law. This second appeal is taken by plaintiff from the order granting defendants' motion for summary judgment.

The sole issue presented for review is whether the trial court erred in finding there was no genuine issue of fact as to whether plaintiff's injuries

resulted from an occurrence arising out of and in the course of his employment. Examination of the pleadings, depositions, affidavits and exhibits reveals the following facts: In 1967, plaintiff, age 16, was employed part-time as a stock boy by Osco in the Freeport store; Rupel was employed as the assistant manager of that store. Rupel asked plaintiff if he would like to accompany him one evening after work to Rockford to attend a seminar on cameras; according to Rupel's deposition, plaintiff's attendance at the seminar was not compulsory. In his deposition, plaintiff indicated that he had no particular duties in the camera department, but he felt it would be helpful to know something about the camera department in order to answer customers' questions; he was not personally interested in cameras. After work, Rupel and plaintiff, with Rupel driving, drove to Rockford and attended the seminar; the seminar was apparently attended mostly by Osco employees. On the return trip, Rupel's car struck a cement bridge abutment and plaintiff was seriously injured.

Defendants take the position that under the facts outlined in their motion for summary judgment, plaintiff is barred from maintaining this common law action against them. Section 5(a) of the Workmen's Compensation Act provides in pertinent part:

> "*No common law or statutory right to recover damages from the employer*, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advice or recommendations for the employer or *the agents or employees of any of them for injury* or death *sustained by any employee while engaged in the line of his duty as such employee*, other than the compensation herein provided, *is available to any employee who is covered by the provisions of this Act,* \* \* \*"

(Emphasis added.) (Ill. Rev. Stat. 1975, ch. 48, par. 138.5(a).)

To be covered by the Workmen's Compensation Act, a person's injuries must have arisen out of and in the course of his employment. *Martin v. Kralis Poultry Co.* (1973), 12 Ill. App. 3d 453, 297 N.E.2d 610.

■■ ■ Illinois courts have found it impossible to lay down a single all-encompassing rule by which employment status can definitely be ascertained and ordinarily no single feature of the relationship is determinative, but all must be considered together; each case must depend on its own facts. (*Martin v. Kralis Poultry Co.* (1973), 12 Ill. App. 3d 453, 460, 297 N.E.2d 610, 615.) Here the facts reveal that plaintiff, a 16-year-old part-time stock boy, was invited to attend a camera seminar by a fellow employee; attendance at seminar was not required of plaintiff. Plaintiff had no specific duties in the store's camera department. Rupel, the fellow employee, was reimbursed for his expenses in connection with the trip; plaintiff was not. While plaintiff would gain some knowledge of

cameras from attending the seminar and would be better able to answer customers' questions, it does not follow that simply because an activity may be beneficial to an employer it is therefore in the course of the employment. *Martin v. Kralis Poultry Co.*

Summary judgment is proper only "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment or decree as a matter of law. \* \* \*" (Ill. Rev. Stat. 1975, ch. 110, par. 57(3).) Here there is little or no dispute as to the specific facts, but the ultimate fact to be drawn from the specific facts is susceptible to different conclusions. We are of the opinion that given the facts outlined above, there exists a genuine issue as to plaintiff's status at the time of the occurrence.

Defendants' motion for summary judgment also alleged and it is undisputed that workmen's compensation benefits were solicited on plaintiff's behalf by his attorney from Osco's workmen's compensation carrier and that plaintiff had received in excess of $75,000 from the insurance carrier. In the first appeal of this case, Osco alleged as one of its affirmative defenses that plaintiff had accepted large sums of money in medical benefits and temporary total disability payments designated as benefits being paid pursuant to the Illinois Workmen's Compensation Act; and therefore, plaintiff was barred from maintaining his action. In his reply to Osco's affirmative defenses, plaintiff acknowledged that the payments were made but not that they were designated as benefits under the Workmen's Compensation Act. This court held that while it did not appear that plaintiff admitted receiving benefits under the Workmen's Compensation Act, even if plaintiff had applied for and received money under that act, it could not affect his right to maintain this suit if his injuries had not, in fact, resulted from an accident arising out of and in the course of his employment. (*Stemm v. Rupel* (1975), 30 Ill. App. 3d 864, 868, 332 N.E.2d 686, 689.

In *Hendricks v. Bettner* (1976), 40 Ill. App. 3d 1038, 353 N.E.2d 83, plaintiff brought suit against defendant for personal injuries; defendant alleged the affirmative defense that plaintiff was his employee. Defendant filed a motion for summary judgment, supported by letters from plaintiff's attorney, stating that plaintiff was an employee of defendant; in addition, the motion alleged that plaintiff had accepted over $9,000 in payments from the insurance carrier. In reversing the trial court's granting of the motion for summary judgment, the reviewing court, relying on *Emma v. Norris* (1970), 130 Ill. App. 2d 653, 264 N.E.2d 573, and *Stemm v. Rupel* (1975), 30 Ill. App. 3d 864, 332 N.E.2d 686 (first appeal), held that neither the application for and acceptance of benefits under the Workmen's Compensation Act nor the letters from plaintiff's attorney had

the effect of removing the ultimate issue of employment status from the case. Accordingly, in the case before us, plaintiff's acceptance of in excess of $75,000 from Osco's workmen's compensation carrier, as defendants allege, does not bar him from maintaining this common law action against both of these defendants.

■ We hold that the issue as to whether or not plaintiff's injuries resulted from an occurrence arising out of and in the course of his employment is not one of law but must be decided by the appropriate trier of fact. Accordingly, the order granting defendant's motion for summary judgment is reversed and the cause is remanded for trial. If on remand of this case, it is determined that plaintiff's injuries did not arise out of and in the course of his employment, then Osco's counterclaim against plaintiff must be adjudicated. See Ill. Rev. Stat. 1975, ch. 48, par. 138.5(b).

Reversed and remanded.

SEIDENFELD, P. J., and GUILD, J., concur.