72711. MANN et al. v. WORKMAN.

(351 SE2d 680)

POPE, Judge.

This is an appeal from an order granting summary judgment in a civil action involving workers' compensation issues.

On December 28, 1982, at approximately 11:30 a.m., David B. Workman, appellee, and Marion E. Mann, appellant, both employees of Days Inns of America, Inc., drove together in an automobile owned by Workman from the premises of the business offices of Days Inns to the Platinum Club, described in the record as a dimly lit lounge. At that time Workman was Senior Vice President of Human Resources. Mann was Corporate Employment Manager. The facts are conflicting as to the purposes of the trip; however, it appears undisputed that both men consumed alcoholic beverages at the club, despite corporate policy prohibiting the consumption of alcohol either during working hours or at lunch. The amount of alcohol consumed by both men is also in dispute, although there is evidence that by late afternoon, the speech of both was slurred. The record reveals that both men remained at the Platinum Club from a point in time before 11:30 a.m. until approximately 5:30 p.m.

Driving back to the offices of Days Inns, Workman was forced to the right side of the road, whereupon the automobile he was driving flipped over, throwing Mann through the windshield onto the ground. As a result, Mann suffered serious injuries to his head, including his nose, skull and brain. Subsequently, while Mann was hospitalized, Workman, whose duties at Days Inns included labor relations, approached Allena Mann, the wife of Marion Mann, asking her to sign a document which would insure that her husband's salary and medical expenses would be reimbursed. Mann accepted payment of wage-loss benefits and medical expenses from Days Inns for approximately one year. During the following year, Marion and Allena Mann filed the civil action sub judice against Workman in his personal capacity, alleging negligence and loss of consortium. Days Inns was not named as a party defendant. Workman moved for summary judgment on the basis that the Manns were estopped from bringing this suit pursuant to OCGA § 34-9-11 due to Marion Mann's receipt of workers' com-

pensation benefits. Upon entry of summary judgment in favor of Workman by the trial court, the Manns bring this appeal.

1. Appellants enumerate as error the trial court's finding that they were estopped from pursuing a common-law negligence suit against a co-employee for damages due to their receipt of workers' compensation benefits. The trial court relied upon the case of *Thorn v. Phillips*, 164 Ga. App. 47 (296 SE2d 251) (1982), as controlling authority. The court found that "[i]n that case, the plaintiff settled a workers' compensation claim with the defendant's employer, and in the tort action which was later filed, the plaintiff contended that the acts causing the injury did not arise out of and in the course of employment. Id. at 48. In the case *sub judice* . . . Edmond Mann received benefit payments pursuant to the workers' compensation statutes, and medical expenses were paid pursuant to these statutes, but [he] did not file a claim for these benefits; he simply accepted them.

"In this regard, the Court notes the changes made in the handling of workers' compensation injuries in 1978. Prior to 1978, Georgia operated under what is known as an agreement system. In other words, the employee and his employer entered into an agreement, which was required to be approved by the State Board of Workers' Compensation, and the agreement was *res judicata* after approval by the Board. *Aetna Insurance Co. v. Gipson*, 104 Ga. App. 108 [(121 SE2d 256)] (1961). Presently, Georgia operates under a direct payment, or notice system. After an injury is reported to the employer, the employer must do one of two things. If the employer does not agree that compensation is due and owing, it must file a notice to that effect with the State Board. OCGA § 34-9-221 (d). Otherwise, an employer is under certain time constraints to commence the payment of income benefits, and the employer simply files a notice with the State Board that income benefit payments have been commenced. OCGA § 34-9-221 (b), (c). . . .

"Although neither of the [appellants] requested Days Inns to pay workers' compensation benefits, neither did they request Days Inns to cease these payments once they had begun. The Court concludes that the acceptance of these benefits for a period of a year or more is such an affirmative act as to trigger the bar of OCGA § 34-9-11 which provides: 'The rights and the remedies [. . .] granted to an employee [by this chapter] shall exclude all other rights and remedies of such employee . . . on account of such injury, loss of service, or death: provided, however, that no employee shall be deprived of any right to bring an action against any third-party tortfeasor, [other than an employee] of the same employer or any person who, pursuant to a contract or agreement with an employer, [. . .] provides workers' compensation benefits to an injured employee, notwithstanding the fact that no common-law master-servant relationship or contract of em-

ployment exists between the injured employee and the person providing the benefits.' The Court finds little distinction between the acts of the plaintiff in *Thorn v. Phillips,* supra, who entered into an agreement with that employer in settlement of a workers' compensation claim, and the actions of [appellant Marion Mann] in accepting the benefits of the workers' compensation system for a sustained period of time." See also *Long v. Marvin M. Black Co.,* 250 Ga. 621, 623 (300 SE2d 150) (1983).

We affirm the foregoing judgment of the trial court. It is undisputed in this case that for approximately one year appellant Marion Mann enjoyed the benefits of workers' compensation payments extended to him by his employer. Having enjoyed the protections afforded him by the workers' compensation statute, he is estopped to deny coverage of his injury by the same. See generally *Davis v. Collier & Beers,* 13 Ga. 485, 491 (1853); *Dickerson v. Colgrove,* 100 U. S. 578 (25 LE 618) (1880).

2. Having affirmed the trial court's holding that appellants are estopped to deny coverage of the injury by workers' compensation, we need not reach the issue of whether or not the injury arose out of and in the course of employment.

3. Finally, appellant Allena Mann's cause of action for loss of consortium is derivative of that of her husband. Therefore, insofar as his claim fails, her claim is also barred. *Henderson v. Hercules, Inc.,* 253 Ga. 685 (324 SE2d 453) (1985); *Ponder v. Southern Tea Co.,* 170 Ga. App. 819 (318 SE2d 242) (1984).

For the reasons stated above, we affirm the judgment of the trial court.

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED NOVEMBER 24, 1986 —
REHEARING DENIED DECEMBER 8, 1986 —

*J. Curtis Hanks, J. Michael McGarity,* for appellants.
*B. Dean Grindle, Jr.,* for appellee.