## 74734. ASSOCIATED HOSTS OF GEORGIA, INC. et al. v. MARLEY.

### (361 SE2d 496)

POPE, Judge.

Plaintiff Marley was employed as a cocktail waitress in a restaurant owned and operated by defendant Associated Hosts of Georgia, Inc. On October 2, 1985 the restaurant held a private party for invited guests to provide an opportunity for restaurant personnel to practice and prepare for the grand opening to the public on the following day. At her deposition plaintiff testified the last guests left the restaurant at approximately 11:00 p.m. From that time forward to the events which form the basis for plaintiff's complaint, she and several other employees cleaned up and prepared for the next day's business. At approximately 1:30 a.m. two masked men, who entered the front door of the restaurant carrying sawed-off shotguns, robbed and raped plaintiff while the other employees were held captive. Plaintiff sued defendants, Associated Hosts and its related corporations, in tort for her personal injuries and property loss.

At several points during her deposition plaintiff testified she was sitting at the bar polishing ash trays at the time the assailants entered the restaurant. Defendants moved for partial summary judgment on the ground plaintiff's claim for personal injury is barred by the exclusive remedy provision of the Workers' Compensation Act, OCGA § 34-9-11. In response to said motion, plaintiff filed an affidavit denying she was acting in the course of her employment at the time the incident occurred. Instead, plaintiff claims she had completed her work duties by 12:30 a.m. and had "checked out." After checking out she and several of her fellow employees sat at the bar socializing. Plaintiff explained the contradiction of her earlier testimony by claiming the anxiety and mental anguish she continues to experience as a result of the rape has caused problems in her recalling the events of the evening in question. She also claims she became extremely anxious during the deposition and experienced difficulty concentrating on the defense attorney's questions. According to plaintiff, the contradictory statements contained within her affidavit were made after reflection and concentration on the events in question. Plaintiff's affidavit testimony that she had completed her work at least an hour before the rape was supported by affidavits from three other employees of the restaurant, two of whom remained on the premises with plaintiff when the masked assailants entered. Plaintiff's testimony that her recollection of the events has been impaired by her continuing anxiety was supported by an affidavit from plaintiff's treating psychiatrist. Defendants bring this interlocutory appeal of the trial court's denial of their motion for partial summary judgment.

1. "[I]f on motion for summary judgment a party offered self-

contradictory testimony on the dispositive issue in the case, and the more favorable portion of his testimony was the only evidence of his right to a verdict in his favor, the trial court must construe the contradictory testimony against him. This being so, the opposing party would be entitled to summary judgment." *Prophecy Corp. v. Charles Rossignol, Inc.*, 256 Ga. 27, 28 (343 SE2d 680) (1986). This is not so in the case now before us. Plaintiff's contradictory statements are not the only evidence of record on the issue of whether she was acting in the course of her employment at the time the incident occurred. Three other witnesses have presented sworn statements that plaintiff was off-duty at the time the incident occurred.

Moreover, "even where testimony is contradictory, if a reasonable explanation is offered for the contradiction, the testimony will not be construed against the party-witness. The burden rests upon the party giving the contradictory testimony to offer a reasonable explanation, and whether this has been done is an issue of law for the trial judge." Id. at 30. In *Prophecy Corp.* it was held that a reasonable explanation was given by plaintiff for statements in his deposition which were contradictory to those made by affidavit in opposition to defendant's motion for summary judgment since plaintiff stated during his deposition that his memory of dates regarding the incident in question was confused and because he explained by affidavit that a subsequent review of notes and records refreshed his recollection. In this case, plaintiff's explanation that her contradictory statements were due to anxiety and mental anguish, understandably suffered as a result of the rape, was supported by the professional opinion of her psychiatrist. "The pleadings, deposition, and affidavits considered on the [motion] for summary judgment made an issue of fact which should be determined by a jury. . . ." *Ryder v. Schreeder*, 224 Ga. 382, 386 (162 SE2d 375) (1968). The reasonableness of plaintiff's explanation is an issue for the jury in this case. The court did not err in considering the affidavits offered by plaintiff and the other witnesses.

2. Commencing shortly after the incident and continuing through the date defendants' motion was filed, plaintiff accepted voluntary payment from defendants' workers' compensation insurance carrier. Defendants argue plaintiff's common law action against her employer is barred by her acceptance of worker's compensation benefits. Central to defendants' motion for summary judgment is whether plaintiff's injuries are compensable under the Worker's Compensation Act. Plaintiff claims her injuries are not compensable because they were not sustained, as required by OCGA § 34-9-1 (4), while she was on the job. Defendants contend plaintiff is estopped from contesting this issue because she has admitted the compensability of her injuries by accepting defendants' voluntary payments.

Prior to amendment of the Act in 1978, voluntary payments of

benefits had to be agreed upon by the employer and employee and approved by the State Board of Workers' Compensation (formerly the Industrial Commission) to be enforceable. Ga. L. 1920, p. 167, § 55 (Code 1933, § 114-705). Where the board made an award or approved an agreement between the employer and employee for payment of workers' compensation benefits, the issue of compensability was res judicata and "the parties [were] precluded from thereafter contradicting or challenging the matters thus agreed upon." *Aetna Ins. Co. v. Gipson*, 104 Ga. App. 108, 110 (121 SE2d 256) (1961); *Haygood v. Home Transp. Co.*, 244 Ga. 165 (259 SE2d 429) (1979). However, an action in tort against the employer was not abated even where an employee made a claim against the employer for workers' compensation benefits when the issue of compensability had not yet been adjudicated by an agreement approved by the board. *Bishop v. Weems*, 118 Ga. App. 180 (4) (162 SE2d 879) (1968). "A defendant may assert *coverage* by the [Workers'] Compensation Act as a bar to a common law negligence action against him arising out of the same occurrence. And this is true whether or not a claim for compensation has been made. But in order to sustain such assertion one must plead and prove coverage under the Act. [Cit.] If there were an award of compensation it would, of course, be an adjudication of coverage and consequently a bar to a common law action. On the other hand, if there were an award of no compensation because of no coverage under the Act, it would be an adjudication of no coverage and the common law action should proceed. But the record indicates that, as yet, there has been no award and hence no adjudication either way, and if the defendants are to sustain their plea they have the burden of showing coverage as a bar." Id. at 181.

" 'In this regard, the Court notes the changes made in the handling of workers' compensation injuries in 1978.' " *Mann v. Workman*, 181 Ga. App. 211, 212 (351 SE2d 680) (1986) (quoting from the order of the lower court), aff'd 257 Ga. 70 (354 SE2d 831) (1987). The Act no longer requires the parties to enter into an agreement approved by the board. Instead, if the employer does not contest that benefits are due, the employer is under certain time constraints to commence voluntary payment of benefits and simply to file a notice with the board that benefits have commenced. OCGA § 34-9-221 (b) and (c). Thus, an employee may accept benefits without an adjudication of the issue of compensability. Without such an adjudication, the doctrine of res judicata would not bar an employee who has accepted voluntarily paid benefits from bringing a common law action against the employer. See, e.g., *Martin v. United States*, 566 F2d 895 (II) (4th Cir. 1977); *Stemm v. Rupel*, 30 Ill.App.3d 864 (332 NE2d 686) (1975); *Er-*

*ickson v. Goodell Oil Co.*, 384 Mich. 207 (180 NW2d 798) (1970).[1]

However, even without an adjudication of compensability, an employee may be estopped by his or her own actions from bringing a common law claim. In *Mann v. Workman*, supra, an employee who had accepted voluntary payments from the employer for a year without raising the issue of compensability under the Workers' Compensation Act then brought a tort claim against a fellow employee for injuries sustained in the accident. This court held that " 'acceptance of these benefits for a period of a year or more is such an affirmative act as to trigger the bar of OCGA § 34-9-11. . . .' " Id. at 212.[2] In *Mann*, the plaintiff attempted to "have his cake and eat it too" by implicitly admitting the compensability of his injuries in order to collect workers' compensation benefits from his employer while denying the compensability of his injuries in order to pursue a common law remedy against his fellow employee. In the case at hand, plaintiff has not taken inconsistent positions on the issue of compensability. Plaintiff filed suit against the employer just five months after the incident which caused her injuries. Within five months of the injury the employer had notice that plaintiff contested the compensability of her injuries. We cannot find as a matter of law that passive acceptance of workers' compensation benefits for five months " 'is such an affirmative act as to trigger the [workers' compensation] bar. . . .' " Id.

The 1978 amendment to the Workers' Compensation Act authorizing payment of benefits without an award served to streamline the process of paying and collecting workers' compensation benefits by encouraging voluntary payment of benefits without the necessity of official action by the board. Ga. L. 1978, p. 2220, § 10 (OCGA § 34-9-221). This system generally works to the advantage of both employer and employee. However, even where there is questionable coverage under the Act but there has been serious injury, the employer may find it advantageous to assume liability voluntarily for the limited benefits due under the Act in hopes of avoiding possibly greater liability at common law. The initial acceptance of voluntarily paid benefits should not preclude the injured employee from contesting, in a timely manner, the applicability of the Act to the incident in question. "[Workers'] compensation is above all a security system; a strict

---

[1] The only case cited by defendants from another jurisdiction which held contrary to the above-stated rule, *Sneed v. Belt*, 130 Ariz. 229 (635 P2d 517) (1981), is distinguishable. Arizona is one of the few states which, by statute, permits an election between workers' compensation benefits or common law remedies. Pursuant to Arizona's election of remedies statute, acceptance of workers' compensation benefits constitutes an election and waives the employee's right to pursue a common law remedy. Georgia permits no such election.

[2] On certiorari, the Supreme Court did not reach the issue of estoppel by acceptance of voluntary benefits but affirmed on the ground the action was barred because the lower court found plaintiff's injuries were compensable. 257 Ga. 70, supra.

election doctrine transforms it into a grandiose sort of double-or-nothing gamble." 2A Larson, Workmen's Compensation Law, § 67.31, at 12-133. Permitting an employee to collect workers' compensation benefits prior to bringing a common law action does not permit a double recovery since, if the employee recovers at common law, the defendant employer would be entitled either to a set-off for benefits erroneously paid under the Workers' Compensation Act or to present evidence of benefits collected by the employee as provided by OCGA § 51-12-1 (b).

*Judgment affirmed. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 8, 1987 —
REHEARING DENIED SEPTEMBER 29, 1987 — 

*James H. Cox, Edward H. Nicholson, Jr.,* for appellants.
*Larry F. Jennette, Jr., Michael M. Calabro,* for appellee.