**Abdullah AHMAD, Plaintiff,**

v.

**NORFOLK & WESTERN RAILWAY COMPANY, a corporation, and Allied Products Corporation, a Delaware Corporation, Defendants.**

No. 89 C 7694.

United States District Court, N.D. Illinois, E.D.

Jan. 19, 1990.

John T. Papa, Pratt and Callis, P.C., Granite City, Ill., for Abdullah Ahmad.

Evan B. Karnes, II, David C. Bohrer, Oppenheimer, Wolff & Donnelly, Chicago, Ill., for Norfolk & Western Ry. Co.

Michael E. Rusin, Larry J. Chilton, Stevenson, Rusin and Friedman, Ltd., D. William Porter, Chicago, Ill., for Allied Products Corp.

## ORDER

NORGLE, District Judge.

The motion of defendant, Allied Products Corporation, to dismiss Count II of plaintiff's complaint on the grounds that the claim contained in Count II is barred by the exclusive remedies provision of the Illinois Workers' Compensation Act, Ill.Rev.Stat. ch. 48, ¶ 138.5(a),[1] is denied.

On a motion to dismiss, the allegations of the complaint as well as the reasonable inferences to be drawn from them are taken as true. *Doe v. St. Joseph's Hosp.*, 788 F.2d 411 (7th Cir.1986). The plaintiff need not set out in detail the facts upon which a claim is based, but must allege sufficient facts to outline the cause of action. *Id.* The complaint must state either direct or inferential allegations concerning all of the material elements necessary for recovery under the relevant legal theory. *Mescall v. Burrus*, 603 F.2d 1266 (7th Cir.1979). The court is not required to accept legal conclusions either alleged or inferred from pleaded facts. *Carl Sandburg Village Condominium Ass'n No. 1 v. First Condominium Development Co.*, 758 F.2d 203, 207 (7th Cir.1985). Dismissal under Rule 12(b)(6) is improper unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Papapetropoulous v. Milwaukee Transport Services, Inc.*, 795 F.2d 591, 594 (7th Cir.1986).

The facts alleged in plaintiff's complaint are quite straight forward. Plaintiff was an employee of Allied. In traveling to his place of employment, plaintiff followed a pathway on property leased by Allied from defendant, Norfolk & Western Railroad Co., which crossed a railroad line owned by Norfolk & Western. Plaintiff found the pathway blocked by a freight train on the railroad line. In order to continue on to his place of employment, plaintiff attempted to climb across a freight car (presumably at the point where the cars are joined together). It is unclear whether the freight car was moving at the time plaintiff attempted to climb aboard or began to move after he attempted to climb aboard. But, plaintiff fell off of the freight car and his right leg was severed by its moving wheels.

Allied has submitted, along with its motion, certain matters outside the pleading documenting that plaintiff, in addition to commencing this action, sought to recover under the Illinois Workers' Compensation Act. Ill.Rev.Stat. ch. 48, ¶ 138.1 *et seq.* Allied places great reliance upon the par-

---

1. No common law or statutory right to recover damages from the employer, his insurer, his broker, any service organization retained by the employer, his insurer or his broker to provide safety service, advise or recommendations for the employer or the agents or employees of any of them for injury or death sustained by any employee *while engaged in the line of his duty as* such employee, other than the compensation herein provided, is available to any employee who is covered by the provisions of this Act, to any one wholly or partially dependent upon him, the legal representatives of his estate, or any one otherwise entitled to recover damages for such injury. (emphasis added)

Ill.Rev.Stat. ch. 48, ¶ 138.5(a).

ties stipulation in the Workers' Compensation action both that an employer-employee relationship existed between them and that, on the date of the accident, the parties were operating under the provisions of the Worker's Compensation Act. However, Allied's submissions further reveal that plaintiff was unsuccessful in recovering under the Workers' Compensation Act. The arbitrator found that the accident causing plaintiff's injuries did not arise "out of" and "in the course of" plaintiff's employment by defendant and concluded that plaintiff was not entitled to compensation. The Industrial Commission affirmed the arbitrator's findings and conclusion, further noting "that Petitioner undertook the purely personal risk of climbing over railroad cars, putting himself in an unreasonably dangerous position which was unrelated to his employment." Plaintiff was similarly unsuccessful before the Circuit Court of Cook County which confirmed the decision of the Industrial Commission, agreeing that plaintiff "unnecessarily increased the risk of injury to himself while performing an activity that was personal to himself and not incidental to his employment." *Abdullah Ahmad v. Industrial Commission of Illinois and Verson Allsteel Press Co.*, No. 89 L 50941, December 20, 1989 at p. 15.

The matters outside of the pleading—certain documents and decisions relating to plaintiff's unsuccessful workers' compensation action—submitted by Allied are excluded. *See* Fed.R.Civ.P. 12(b).[2] Taking plaintiffs' allegations and the reasonable inferences to be drawn therefrom as true, dismissal of Count II on the bases that the claim asserted against Allied, plaintiff's employer, is for accidental injuries arising "out of" and "in the course of" his employment, and thus barred by ¶ 138.5(a), is not warranted. *See Stemm v. Rupel*, 68 Ill. App.3d 211, 24 Ill.Dec. 822, 385 N.E.2d 1112 (2d Dist.1979); *Martin v. Kralis Poultry Co., Inc.*, 12 Ill.App.3d 453, 297 N.E.2d 610 (5th Dist.1973).

Even if the court were to consider the matters outside the pleading submitted by Allied for purposes of this motion (to do so without treating the motion as one made under Rule 56 would be improper, *see* Fed. R.Civ.P. 12(b)), Allied's argument for dismissal would only be weaker. Allied's reliance upon the parties' stipulation before the arbitrator that there existed an employer-employee relationship between them and that they were operating under the provisions of the Workers' Compensation Act (the latter presumably for jurisdictional purposes) is misfounded. Concluding in the affirmative as to these two issues does not end the inquiry. As the Illinois courts have noted, "[t]he Workmen's Compensation Act does not apply to every accidental injury happening to an employee, ..." *Martin*, 297 N.E.2d at 615. The Arbitrator, the Industrial Commission and the Circuit Court of Cook County all concluded that plaintiff's injuries did not result from an accident which arose "out of" and "in the course of" his employment. Thus, the matters outside of the pleading submitted by Allied, if considered, would only strengthen the court's conclusion that the exclusive remedies provision, which only bars actions by employees against employers for injuries "sustained by an employee while engaged in the line of his duty as such employee," does not apply.

IT IS SO ORDERED.

---

**2.** While these matters outside the pleading are excluded for purposes of this motion, the court recognizes that they may be indicative of posture in which this action may again come before the court, pursuant to Fed.R.Civ.P. 56(b), given

Ill.Rev.Stat., ch. 110, ¶ 2–1116, which bars a plaintiff from recovering damages where the contributory fault of the plaintiff is more than 50% of the proximate cause of the injury for which recovery is sought.