S93G0818. COLLINS et al. v. GRAFTON, INC.

(435 SE2d 37)

BENHAM, Justice.

Appellants Mr. and Mrs. Collins do business as Collins Roofing Company. On March 4, 1990, while performing roofing work on a building owned by appellee Grafton, Inc., Mrs. Collins was injured as a result of the alleged negligence of a Grafton employee. Grafton's

insurer[1] voluntarily paid several of Mrs. Collins' medical bills and sent her weekly checks of $25, the minimum income benefit under the Workers' Compensation Act (see OCGA § 34-9-261), for approximately 13 months. Mrs. Collins never negotiated any of the checks sent to her.

In August 1991, appellants filed the instant personal injury lawsuit against Grafton seeking damages for Mrs. Collins' injury. The trial court granted summary judgment to Grafton, holding that Mrs. Collins' acceptance of payment of some of her medical bills constituted the receipt of benefits under the Workers' Compensation Act and triggered the exclusivity feature of OCGA § 34-9-11 (a),[2] barring appellants' common-law tort action. In essence, the trial court determined that Mrs. Collins' receipt of benefits estopped her to deny that her injury was compensable under the Workers' Compensation Act. In an unpublished opinion, the Court of Appeals summarily affirmed the trial court's decision. We granted certiorari to determine whether appellants were estopped to bring a personal injury action against appellee.

1. The Court of Appeals has addressed the interplay between the theory of estoppel and the issue of workers' compensation coverage several times, including three cases involving an employer's voluntary payment[3] of workers' compensation benefits after a purported employee was injured. In *Mann v. Workman*, 181 Ga. App. 211 (351 SE2d 680) (1986), the Court of Appeals likened the injured person's acceptance of workers' compensation benefits to the settlement of a claim, and held that the employee was therefore estopped to deny the compensability of his injury. In *Associated Hosts of Ga. v. Marley*, 184 Ga. App. 352 (361 SE2d 496) (1987), the Court of Appeals determined that the injured party's acceptance of workers' compensation benefits did not estop her to deny the compensability of her injury since the employer had notice that the injured person contested compensability within five months of the injury. In *Horne v. Exum*, 204 Ga. App. 337 (419 SE2d 147) (1992), the Court of Appeals held that an employer's voluntary payment of medical and income benefits did not estop the employer to later contest the compensability of the injury. In the case at bar, the trial court determined that the employer's

---

[1] According to statements made at oral argument, the insurer provided both liability and workers' compensation coverage.

[2] OCGA § 34-9-11 (a) states, in pertinent part:
The rights and remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee . . . at common law or otherwise, on account of such injury, loss of service, or death. . . .
See also *Ga. DHR v. Joseph Campbell Co.*, 261 Ga. 822 (411 SE2d 871) (1992).

[3] The term "voluntary payment" is used to denote workers' compensation benefits paid by an employer without an adjudication of the compensability of the underlying injury.

voluntary payment to some of the providers of the medical care Mrs. Collins' received due to her injury estopped Mrs. Collins to deny that she had suffered a compensable injury.

2. "Estoppels are not generally favored by the law, because the truth is excluded thereby." *Crim v. Crawford*, 47 Ga. 628, 629 (1873). See also *Cobb County Rural EMC v. Bd. of Lights &c. of Marietta*, 211 Ga. 535 (2) (87 SE2d 80) (1955). Estoppel is governed by equitable principles, and the party claiming the benefit of an estoppel must be free from fraud in the transaction, must have acted in good faith, and must have exercised reasonable diligence. *Perimeter Dev. Corp. v. Haynes*, 234 Ga. 437 (2) (216 SE2d 581) (1975). The conduct of the party against whom the estoppel is sought must amount to a concealment or false representation of material facts inconsistent with the position the party subsequently attempts to assert, that party must intend or expect the other party to act upon his conduct, and the first party must have actual or constructive knowledge of the real facts. *Bell v. Studdard*, 220 Ga. 756 (4) (a) (141 SE2d 536) (1965). "There can be no estoppel by conduct where both parties have equal knowledge or equal means of knowing the truth. [Cit.]" *Tybrisa Co. v. Tybeeland*, 220 Ga. 442, 446 (139 SE2d 302) (1964).

Two months after the injury, Grafton's insurer received from appellants a completed "wage statement" form that the insurer had sent them shortly after Mrs. Collins' injury. Mr. Collins completed the form, identifying Collins Roofing as Mrs. Collins' employer and Mrs. Collins as a co-owner of her employer, and estimating her replacement cost at $350-$400 per week. In June 1990, three months after the injury, Grafton's insurer was notified, by means of a letter from Mrs. Collins' attorney, that Mrs. Collins' injury was the basis for a liability claim, and was not a workers' compensation claim. Thus, within 100 days of Mrs. Collins' injury, Grafton's insurer had material in which appellants asserted Mrs. Collins was employed by a party other than Grafton and in which appellants' attorney clearly stated that appellants were pursuing a common-law tort remedy for the injury. Despite these communications, Grafton's insurer continued to send weekly checks for the minimum wage-loss benefit.

We cannot say that Grafton exercised reasonable diligence by continuing to send benefits checks after receiving documents containing information which contested the applicability of workers' compensation coverage to the injury at issue. Grafton's payment of some of Mrs. Collins' medical bills directly to the medical personnel involved, in and of itself, cannot estop Mrs. Collins to deny compensability since her acceptance of partial payment of her medical expenses is not inconsistent with her assertion of a tort claim, as Grafton was potentially liable for the medical expenses under a common-law theory of negligence. It was error to base the grant of summary judgment

to appellee on the theory of estoppel.

3. By permitting payment of benefits without an award approved by the Board of Workers' Compensation, the Workers' Compensation Act encourages the voluntary payment of benefits. Voluntary payments provide uninterrupted support for an injured employee, and therefore promote the humanitarian purpose of the Act. Cf. *Samuel v. Baitcher*, 247 Ga. 71, 73 (274 SE2d 327) (1981). However, an employer seeking to "do the right thing" for an injured worker should not be precluded, solely because it made voluntary payments to the injured worker, from later questioning compensability. See *Horne v. Exum*, supra. Similarly, an employer in a situation where coverage is questionable should not be able to voluntarily assume liability for the limited benefits of the Workers' Compensation Act and thereby avoid the potentially greater liability of a common-law action. *Associated Hosts of Ga. v. Marley*, supra at 355. Unbridled application of the doctrine of equitable estoppel cannot be a means by which the very purpose of the Act is thwarted. The successful continuation of the workers' compensation system requires that studied caution be exercised before the doctrine of estoppel is applied against an injured party who does nothing more than receive compensation benefits voluntarily provided by an employer.

*Judgment reversed. Clarke, C. J., Fletcher, Sears-Collins, Hunstein, JJ., and Judge Lowrey S. Stone concur; Hunt, P. J., concurs in the judgment only. Carley, J., disqualified.*

DECIDED SEPTEMBER 27, 1993 —
RECONSIDERATION DENIED OCTOBER 22, 1993.

*Willie J. Woodruff, Jr.,* for appellants.
*McClure, Ramsay & Dickerson, John A. Dickerson,* for appellee.