### 43430. BISHOP et al. v. WEEMS.

WHITMAN, Judge. 1. "A former recovery, or the pendency of a former suit for the same cause of action, between the same parties, in the same or any other *court* that has jurisdiction, shall be a good cause of abatement; but if the first action is so defective that no recovery can possibly be had, the pendency of a former suit shall not abate the action." *Code* § 3-607. (Emphasis supplied.)

2. "The State Board of Workmen's Compensation is not only not a 'like court'; it is not a court at all but is an administrative body with only those powers and duties given it

by statute. *Plummer v. State,* 90 Ga. App. 773 (84 SE2d 202); *Travelers Ins. Co. v. Haney,* 92 Ga. App. 319 (88 SE2d 492); *Maryland Cas. Co. v. Stephens,* 76 Ga. App. 723 (47 SE2d 108); *City of Hapeville v. Preston,* 67 Ga. App. 350 (20 SE2d 202); *Aetna Life Ins. Co. v. Davis,* 172 Ga. 258 (157 SE 499)." *Baggett Transportation Co. v. Barnes,* 108 Ga. App. 68, 72 (132 SE2d 229).

3. Therefore, in the present case, which is a common law negligence action by the plaintiff, Mrs. Mary B. Weems, against defendants Harold S. Bishop and James W. Busbin, individually and d/b/a Bishop & Busbin Construction Company, for the wrongful death of her husband allegedly caused by the defendants' negligence, the defendants' motion for summary judgment having as one ground thereof that the present action should abate because a claim arising out of the same occurrence was pending before the State Board of Workmen's Compensation, was properly overruled.

4. The defendants herein, in their motion for summary judgment, also urged dismissal of the action for the reason that the claim before the Board of Workmen's Compensation is a bar to the present action. This ground is also without merit. A defendant may assert *coverage* by the Workmen's Compensation Act as a bar to a common law negligence action against him arising out of the same occurrence. And this is true whether or not a claim for compensation has been made. But in order to sustain such assertion one must plead and prove coverage under the Act. *McCluskey v. American Oil Co.,* 224 Ga. 253 (161 SE2d 271). If there were an award of compensation it would, of course, be an adjudication of coverage and consequently a bar to a common law action. On the other hand, if there were an award of no compensation because of no coverage under the Act, it would be an adjudication of no coverage and the common law action should proceed. But the record indicates that, as yet, there has been no award and hence no adjudication either way, and if the defendants are to sustain their plea they have the burden of showing coverage as a bar. Instead, defendants have denied any relationship between them and the decedent which would subject them to the Workmen's Compensation Act.

*Judgment reversed. Felton, C. J., and Eberhardt, J., concur.*

ARGUED FEBRUARY 5, 1968—DECIDED JULY 10, 1968—
REHEARING DENIED JULY 23, 1968—

182

*Matthews, Maddox, Walton & Smith, James D. Maddox, Oscar M. Smith,* for appellants.

*Robert Edward Surles,* for appellee.