64769. THORN et al. v. PHILLIPS.

QUILLIAN, Chief Judge.
Charles F. Thorn and Evelyn Thorn, husband and wife, brought an action against Frankie Phillips, Jr., for personal injuries received by Charles Thorn on February 19, 1980 when he was struck by a vehicle being driven by the defendant. Charles and the defendant were both employed by Jiffie Jonnie Service Co., Inc., at the time of the incident.

After answering the complaint and asserting that the exclusive remedy of the plaintiffs was to be found under the Georgia Workers' Compensation Act and the present action was barred, the defendant moved for summary judgment on this same basis. After both sides proffered affidavits and the defendant offered the plaintiffs' responses to his request for admissions, the issue came on for hearing. Thereafter, the trial judge granted the defendant's motion and plaintiffs appeal. *Held:*

Code Ann. § 114-103 (Code § 114-103, as amended through Ga. L. 1980, pp. 1145, 1146) provides: "The rights and the remedies herein granted to an employee shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service or death: Provided, however, that no employee shall be deprived of any right to bring an action against any third-party tortfeasor, *except employees of the same employer. . ."* (Emphasis supplied.) It is now established beyond peradventure that Workers' Compensation provides the exclusive remedy for the plaintiff and his wife for injuries caused by acts of a fellow employee, arising out of and in the course of plaintiff's employment. *Gulf States Ceramic v. Fenster,* 228 Ga. 400 (185 SE2d 801); *Williams v. Byrd,* 242 Ga. 80 (247 SE2d 874).

Counsel for plaintiffs attempts to assert in this court (and endeavored to show by affidavits in the court below) that the acts causing the injury did not arise out of and in the course of Charles Thorn's employment and that the injuries were in fact caused by willful and intentional acts of the defendant, a fellow employee.

We find this effort and argument to be specious. The plaintiffs admitted in response to request "that the plaintiff Charles F. Thorn was engaged in the course and scope of his employment with Jiffie Jonnie Service Co., Inc. at the time and place of the occurrence sued upon." Moreover, the record reveals that the plaintiff Charles Thorn applied for and received Workers' Compensation benefits for the injuries he sustained. The grounds he now asserts would have precluded him from any recovery under the Workers' Compensation Act. Plaintiffs now are therefore taking a position diametrically contradictory to that taken before the Board of Workers' Compensation which approved their settlement agreement with the employer and its insurer.

The proof offered clearly established that the plaintiffs, having affirmatively obtained benefits under the Workers' Compensation Act, are barred from bringing a tort action against a fellow employee.

*Judgment affirmed. Shulman, P. J., and Carley, J., concur.*

DECIDED OCTOBER 19, 1982.

*Charles J. Vrono,* for appellants.
*Steven L. Head,* for appellee.