A89A1852. JUSTICE v. DAVIDSON KENNEDY COMPANY et al.
(391 SE2d 414)

CARLEY, Chief Judge.

After he was awarded workers' compensation income benefits, Donald Justice entered into a proposed lump-sum settlement agreement with appellees employer and insurer. On the day following submission of the settlement agreement for approval by the Board of Workers' Compensation (Board), Justice died in an automobile colli-

sion unconnected with his employment. Before the Board could act on their lump-sum settlement agreement with the late Justice, appellees withdrew their consent thereto. Justice's appellant-widow nevertheless sought to have the Board enforce the withdrawn settlement agreement. When the Board refused, appellant appealed unsuccessfully to the superior court. Pursuant to this court's grant of appellant's application for a discretionary appeal, she appeals from the superior court's affirmance of the Board's refusal to enforce the withdrawn settlement agreement.

"Ordinarily persons sui juris may adjust their differences upon such terms as they may be able to mutually agree upon. The policy of the law is to encourage such compromises, to the end that litigation may be avoided. This freedom of contract, however, does not exist with reference to claims for compensation arising under the work[ers'] compensation act, since the right of employers and employees to adjust their differences is limited and restricted by the terms of the statute. The statute provides: 'Nothing . . . contained [in this chapter] shall be construed so as to prevent settlements made by and between the employee and employer, but rather to encourage them, so long as the amount of compensation and the time and manner of payment are in accordance with . . . this [chapter]. A copy of [any] such settlement agreement shall be filed by the employer with the [Board], and no such settlement shall be binding until approved by the [Board].' [OCGA § 34-9-15]. This provision of the statute, in unmistakable terms, imposes two conditions which are essential to a valid settlement between employer and employee: First, that the time and manner of payment must be in accordance with the provisions of the work[ers'] compensation act; and, second, that the agreement must be approved by the [Board]. The section just quoted manifestly refers to settlements entered upon before any award of compensation is made by the [Board], but the same rule applies after such an award is made. . . . [Moreover, OCGA § 34-9-222] not only restricts the right of the parties to contract for a lump-sum settlement of an award of compensation, but in express terms provides that such contracts must be approved by the [Board]. The sections of the act just referred to are binding upon both employer and employee." *Tillman v. Moody*, 181 Ga. 530, 531-32 (1) (182 SE 906) (1935).

"OCGA § 34-9-15 provides the sole method by which claims arising under the Workers' Compensation Act may be settled." *Caldwell v. Perry*, 179 Ga. App. 682, 683 (1) (347 SE2d 286) (1986). Indeed, "it is the [B]oard's agreement and approval of the settlement which is the active agent which renders the settlement binding [and] . . . which constitutes 'a complete and final disposition of all claims.' " *Denton v. U. S. Fid. &c. Co.*, 158 Ga. App. 849, 851 (282 SE2d 350) (1981). Thus, any settlement that may be reached between an em-

ployer and his employee represents no more than their proposed mutual offer to settle, which offer must be accepted and approved by the Board before a binding settlement agreement between them is created. In the absence of such a mutual offer, there is nothing for the Board to accept and approve. Appellees withdrew their consent to the mutual offer before the Board could accept and approve it. "A settlement agreement is not binding, though filed with the [B]oard, until it has been approved. [Cit.]" *Taylor v. Sunnyland Packing Co.*, 112 Ga. App. 544, 546 (145 SE2d 587) (1965). It follows that there was never a binding settlement agreement the enforcement of which appellant would be entitled to seek.

"[W]e think the work[ers'] compensation act deprives the parties to an award of compensation of the right to contract for a lump-sum settlement in any matter other than that provided for by [OCGA § 34-9-222]. Accordingly, if the lump-sum settlement herein dealt with was not approved by the [Board], it . . . is not binding upon the parties . . . ." *Tillman v. Moody*, supra at 534 (1). See also *Caldwell v. Perry*, supra at 683 (1). The superior court correctly affirmed the Board's refusal to enforce the settlement agreement which was withdrawn prior to its approval.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED FEBRUARY 5, 1990 —
REHEARING DENIED FEBRUARY 21, 1990 — 

*Kenneth J. Rajotte*, for appellant.
*Daniel C. Kniffen*, for appellees.