## A93A0460. HEFFLEY v. ADKINS.
(434 SE2d 537)

POPE, Chief Judge.

Plaintiff Janet K. Heffley brought a negligence action against defendant Scotty James Adkins for injuries she allegedly sustained when the vehicle defendant was driving, and in which plaintiff was a passenger, left the road and rolled over. At the time of the accident, defendant was an employee of Waffle House, Inc. He had been sent to pick up plaintiff and Travis McKnight, who were at one Waffle House restaurant, to transport them to another restaurant. McKnight was a Waffle House cook and plaintiff had previously worked for Waffle House, although she was not employed at the time of the accident. They were at the restaurant as customers when a manager from another restaurant called and asked McKnight to report to work at the other location immediately because the restaurant was short-handed. The manager also knew plaintiff and knew she had previously worked for the company and invited her to come along with McKnight because he might also employ her for the evening if her services were needed. The manager sent defendant to pick them up to transport them to the other restaurant.

On the way, defendant's vehicle left the road and rolled over. Claiming she was an employee of Waffle House at the time of the accident, plaintiff filed a workers' compensation claim. The record shows she entered into a stipulation with Waffle House, which was approved by and made an order of the Workers' Compensation Board, agreeing that she did not sustain a compensable injury and that Waffle House is not liable to her for workers' compensation benefits. She also entered into an agreement titled "Covenant not to Sue or Appeal and Agreement to Indemnify" in which, in consideration for the payment of $2,000, plaintiff agreed not to appeal the award of no compensation by the board and not to sue Waffle House for any claim arising out of the injuries she sustained in the accident.

Plaintiff then filed the negligence action which forms the basis of this appeal. Defendant moved for summary judgment on the ground that plaintiff's claim is barred by the exclusive remedy provision of the Workers' Compensation Act and because plaintiff's claim is barred by the doctrine of accord and satisfaction on account of the release plaintiff granted to defendant's employer, Waffle House. The trial court granted summary judgment to defendant and plaintiff appeals.

1. The award of no compensation in plaintiff's workers' compensation claim establishes plaintiff was not an employee at the time she sustained her injuries. Thus, defendant was not a fellow employee whom she is barred from suing by the exclusive remedy rule. " '[I]f there were an award of no compensation because of no coverage under

the Act, it would be an adjudication of no coverage and the common law action should proceed.' " *Associated Hosts of Ga. v. Marley*, 184 Ga. App. 352, 354 (361 SE2d 496) (1987), quoting *Bishop v. Weems*, 118 Ga. App. 180, 181 (4) (162 SE2d 879) (1968).

2. Neither is plaintiff's claim barred by the doctrine of accord and satisfaction as a result of the covenant not to sue executed by plaintiff in favor of Waffle House. Since plaintiff stipulated in the workers' compensation award that she was not entitled to workers' compensation benefits from Waffle House, the covenant not to sue in exchange for $2,000 was essentially a settlement of any and all other claims plaintiff may have brought against Waffle House, including a tort claim. The terms of the covenant included a promise not to sue Waffle House or its successors or assigns, but did not include any promise not to sue Waffle House agents or employees. It is now settled in Georgia that the release of one tortfeasor does not discharge others unless the evidence shows the release was intended to apply to other tortfeasors. See *Posey v. Medical Center-West*, 257 Ga. 55, 59 (354 SE2d 417) (1987); *Jackson v. Dyches*, 200 Ga. App. 174 (407 SE2d 126) (1991).

Defendant argues Waffle House was liable, if at all, only vicariously through the acts of its agent, defendant. Accordingly, defendant argues, the rule of the *Posey* case applies only to joint tortfeasors and does not apply to this case because Waffle House and defendant are not joint tortfeasors. First, we reject the assumption that Waffle House could be liable to plaintiff only on a theory of vicarious liability for the negligence of its employee. The covenant not to sue released Waffle House from all claims plaintiff might assert against it and it is possible that plaintiff could have asserted against Waffle House not only a claim for its vicarious liability for defendant's negligence but also a claim for the direct negligence of Waffle House, for example, in assigning defendant the job of transporting plaintiff to its restaurant for possible work. Second, it is true that the release of the agent acts as a release of the principal for the principal's vicarious liability for the acts of the agent. See *Harris v. Hanna Creative Enterprises*, 208 Ga. App. 549 (430 SE2d 846) (1993). The converse, however, is not true unless, of course, the evidence shows the release of the principal was intended to apply to the agent. In this case, the language of the covenant not to sue clearly did not release the agents and employees of Waffle House. Thus, the trial court erred in granting summary judgment to defendant.

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED JULY 12, 1993 —
RECONSIDERATION DENIED JULY 29, 1993 —

*Waln & Miningham, Alan B. Waln,* for appellant.
*Clifton Lee & Associates, Jeanne F. Johnson,* for appellee.