Tommy Lee ARNOLD, a minor, By and Through his mother and next friend, Joyce VALLE, Plaintiff–Appellant,

v.

COLORADO STATE HOSPITAL, DEPARTMENT OF INSTITUTIONS, State of Colorado, and Louis T. Brothers, individually, and as an employee of the State of Colorado, Defendants–Appellees.

No. 94CA1073.

Colorado Court of Appeals, Div. I.

Dec. 21, 1995.

Melat, Pressman, Ezell & Higbie, Justin R. Melat, Robert J. Frank, Colorado Springs, for Plaintiff–Appellant.

Gale A. Norton, Attorney General, Stephen K. ErkenBrack, Chief Deputy Attorney General, Timothy M. Tymkovich, Solicitor General, Jane R. Christman, First Assistant Attorney General, Denver, for Defendants–Appellees Colorado State Hosp., Dept. of Institutions, and State of Colorado.

Retherford, Mullen, Johnson & Bruce, Neil C. Bruce, Colorado Springs, for Defendant–Appellee Louis T. Brothers.

Opinion by Judge CRISWELL.

Plaintiff, Tommy Lee Arnold, by his mother and next friend, Joyce Valle, sued the defendants, the Colorado State Hospital, Department of Institutions, and Louis T. Brothers, an employee of the State Hospital, asserting two separate claims for relief. He sought recovery for personal injuries suffered in an automobile accident and for emotional damages he allegedly suffered as the result of an alleged illicit sexual relationship with defendant Brothers. Plaintiff did not prevail on either claim, and he appeals. We affirm.

Because the notice required by § 24–10–109(1), C.R.S. (1988 Repl.Vol. 10A) was not filed in a timely fashion, the trial court dismissed all claims against the State Hospital before trial. The court then entered a bifurcation order, directing that all claims relating to the automobile accident be tried first and that those relating to the alleged sexual relationship be tried thereafter.

Upon trial of the first claims, the jury returned a verdict finding that, while defendant Brothers was negligent, his negligence caused plaintiff no damage. Judgment for Brothers was entered on that verdict, and plaintiff then dismissed the other claims asserted.

In this appeal, plaintiff asserts that the trial court committed error in granting summary judgment to the State Hospital, in refusing to admit certain evidence in the trial of the automobile accident claims, in refusing to direct a verdict in his favor on those claims, and in refusing to set aside the verdict because of the inconsistency in the jurors' answers to interrogatories. We perceive no error.

Plaintiff, a teenager who suffered from mental and emotional difficulties characterized by impulsive behavior, was placed in a program at the State Hospital in which the defendant Brothers was a team leader. Plaintiff and Brothers became friends, and Brothers continued to visit with plaintiff after plaintiff's release from that program. Plaintiff alleged that this friendship developed into a homosexual relationship, which amounted to sexual abuse of plaintiff.

Plaintiff's evidence at trial indicated that, on June 7, 1988, when plaintiff was 15 years of age, he was riding in a vehicle driven by Brothers in which another teenager was also a passenger. Plaintiff asked Brothers if he could exit the vehicle and ride on its hood. Brothers refused. Plaintiff then asked if he could put his head out the sun roof, and Brothers gave him permission to do this.

Both plaintiff and the other passenger stood and placed their heads out the sunroof. After a few moments, the other passenger sat down again. Plaintiff, however, climbed out onto the roof of the moving vehicle, and before Brothers could bring it to a stop, plaintiff fell from the roof to the roadway, sustaining serious injuries.

On March 8, 1989, eleven months after this accident, plaintiff gave to the State Hospital and the Attorney General the notice of his injuries that is mandated by § 24–10–109(1). He then instituted suit on July 7, 1989.

## I.

■ Plaintiff first argues that the court erred in dismissing his claims asserted against the State Hospital because of his tardy filing of a notice of claim. We conclude, however, that the jury verdict, finding that Brothers was not responsible for plaintiff's injuries, and plaintiff's dismissal of the other claims asserted render this issue moot.

After plaintiff was released from the State Hospital in November 1987, he resumed his residency at home, but continued to receive out-patient therapy and counseling through the State Hospital. However, from the evidence presented at the trial of the claims against Brothers, it appears that the trip in which the parties were engaged when the June 1988 accident occurred had nothing to do with any therapy or counselling that plaintiff might have then been receiving.

Nevertheless, plaintiff's pleading allegations were that Brothers was acting in the course and scope of his employment, both at the time of the accident and during the parties' alleged homosexual relationship. Further, those allegations posited that the State Hospital was itself affirmatively negligent in failing to adopt or to enforce rules and regulations respecting improper contacts between its therapists and patients. We will assume that these latter allegations were sufficient to state a proper negligent supervision claim. *See Biel v. Alcott,* 876 P.2d 60 (Colo.App. 1993).

■ However, whether a claim against an employer or other party is based upon the doctrine of *respondeat superior* or upon a claim of negligent supervision, that party can be held liable only if damage results from the wrongful actions of the person supervised. Unless harm results from such wrongful actions, any negligence occurring in the supervision cannot be said to be the cause of any harm. *Smith v. Zufelt,* 856 P.2d 8 (Colo.App. 1992), *rev'd in part on other grounds,* 880 P.2d 1178 (Colo.1994) (unless child's action causes harm, claim against parent for negligent supervision or negligent entrustment is not proven); *Texas Skaggs, Inc. v. Joannides,* 372 So.2d 985, 987 (Fla.App.1979) ("[I]n order to impose liability on an employer for [negligent hiring, training or retention], a plaintiff must first show that he was injured by the wrongful act of an employee.").

Here, the jury verdict, which we affirm, determined that no action of Brothers, the State Hospital's employee, caused harm to plaintiff as a result of the automobile accident. Hence, irrespective whether plaintiff timely notified the State Hospital of his injuries, he could prove no substantive case against it.

■ We are likewise convinced that plaintiff's dismissal of his claim against Brothers based upon their alleged illicit sexual relationship prevents further proceedings based on that relationship against the State Hospital. Such dismissal led to the entry of a judgment against plaintiff and in favor of Brothers on "any and all claims set forth in Plaintiff's Complaint."

■ An employer's liability for an employee's negligence based upon *respondeat superior* is only a secondary liability. Hence, an employer and employee are not joint tortfeasors in such a circumstance, *Hamm v. Thompson,* 143 Colo. 298, 353 P.2d 73 (1960), and the Uniform Contribution Among Tortfeasors Act, § 13–50.5–101, et seq., C.R.S. (1987 Repl.Vol. 6A), has no application to their joint liabilities. *McCall v. Roper,* 685 P.2d 230 (Colo.App.1984).

■ Because an employer cannot be liable under the doctrine of *respondeat superior* unless the employee is liable, *i.e.,* the employer's liability is only derivative in nature, it is generally agreed that the release of an employee releases the employer. *See* V. Woerner, Annotation, *Release of (or Covenant Not to Sue) Master or Principal as Affecting Liability of Servant or Agent for Tort, or Vice Versa,* 92 A.L.R.2d 533 (1963); *Karcher v. Burbank,* 303 Mass. 303, 21 N.E.2d 542 (1939) (analogizing employer-employee relationship for purposes of *responde-*

*at superior* to relationship between principal and surety). And, this is true even though the converse may not be, *i.e.,* a release of an employer may not release the employee. *See Hamm v. Thompson, supra; Heffley v. Adkins,* 209 Ga.App. 736, 434 S.E.2d 537 (1993).

To the extent that any claim against the State Hospital was based upon the doctrine of *respondeat superior,* therefore, the judgment dismissing the claims against Brothers caused such claim against the State Hospital to be dismissed, as well.

Further, because plaintiff cannot recover against the State Hospital for negligent supervision, unless Brothers is found to be liable, *Smith v. Zufelt, supra; Texas Skaggs, Inc. v. Joannides, supra,* the judgment of dismissal of the claims against Brothers also required any claim against the State Hospital based on its negligent supervision to be dismissed, as well.

Therefore, even if we were to assume, arguendo, that the court erred in entering judgment in favor of the State Hospital because of the alleged untimely filing of notice, such assumed error would, in any case, be harmless.

## II.

We also reject plaintiff's assertion that the judgment entered on the jury verdict in favor of Brothers must be reversed because of the trial court's exclusion of certain evidence and its denial of plaintiff's motion for a directed verdict, or because the jurors' answers to special interrogatories were inconsistent.

### A.

■ In connection with its order bifurcating trial of the two claims, the trial court ruled that any evidence of a sexual relationship between Brothers and plaintiff was irrelevant to the automobile accident claim and would not be admitted during the trial of that claim. While plaintiff does not directly challenge the court's bifurcation order, he argues that the court's refusal to allow proof of the parties' sexual relationship during the jury trial was prejudicial error. We disagree.

■ Both the question whether claims should be bifurcated for trial and the issue whether otherwise competent evidence is relevant to the claim or defense presented are matters which rest within a trial court's sound discretion. *Prudential Property & Casualty Insurance Co. v. District Court,* 617 P.2d 556 (Colo.1980) (separate trials); *People v. Lowe,* 660 P.2d 1261 (Colo.1983) (admission of evidence). Hence, a trial court's refusal to admit evidence will constitute grounds for reversal only if such refusal affects one of the party's substantial rights. *See* CRE 103(a).

■ In determining whether evidence is relevant, the court must consider whether it relates to a fact that is of consequence to the determination of the claim, whether the evidence makes it more or less probable that a consequential fact exists, and whether its probative value is outweighed by any danger of unfair prejudice. CRE 401 and 403; *People v. Carlson,* 712 P.2d 1018 (Colo.1986).

Here, it is certainly not self-evident how proof of an illicit sexual relationship between plaintiff and Brothers would make the existence of any fact of consequence to plaintiff's claim of negligence against Brothers more or less probable. It is evident, however, that presentation of such evidence could result in unfair prejudice to Brothers.

Further, the trial court allowed the introduction of evidence of plaintiff's mental condition, which included impulsive acts, and evidence that Brothers was aware of that condition. Thus, we agree with the trial court that evidence of this alleged illicit relationship was irrelevant to the question of Brothers' negligence in allowing plaintiff to put his head through the sunroof and in failing to anticipate that he would climb through that opening and attempt to stand on the roof of the vehicle.

### B.

■ Plaintiff also argues that the court erred in refusing to direct a verdict in his favor and that the jury's answers to special interrogatories, finding that Brothers was negligent but that such negligence was not the cause of any damage to plaintiff, are

inconsistent. We conclude that the verdicts are not inconsistent or otherwise improper; thus, it necessarily follows that the court committed no error in not directing a verdict.

The evidence here could reasonably support a factual finding that Brothers was negligent in allowing plaintiff to place his head outside and above the roof of a moving vehicle, irrespective whether he reasonably could have foreseen that plaintiff would attempt to climb outside the vehicle. Hence, the jury's finding of negligence is supportable on this basis.

Likewise, the evidence would also support the finding either that Brothers reasonably did not foresee plaintiff's later actions, or even if they were foreseen, it was plaintiff's own actions, and not the act of Brothers in allowing him to put his head through the sun roof, that was the factual and legal cause of plaintiff's later injuries. The jury's finding

of no damage resulting from Brothers' negligence is, therefore, supported by the record.

Because these findings are reasonably supported by this view of the evidence, they are not inconsistent. *See City of Aurora v. Loveless,* 639 P.2d 1061 (Colo.1981).

Further, because the evidence would allow such reasonable inferences to be made by the factfinder, the court could not properly direct a verdict. *See Mile Hi Concrete, Inc. v. Matz,* 842 P.2d 198 (Colo.1992).

Judgment affirmed.

METZGER and ROTHENBERG, JJ., concur.