A98A2061. DOVE v. SENTRY INSURANCE.
(513 SE2d 289)

ANDREWS, Judge.

Martin Dove was injured on the job and Sentry, his employer's workers' compensation carrier, paid benefits and medical bills as a result of the injury. Dove continued to experience various symptoms and his doctors recommended additional testing, which Sentry refused to approve. Four months after the injury, Dove committed suicide by prescription drug overdose.

Dove's widow, Martha, claimed Sentry was responsible for causing Martin to take a drug overdose because it refused necessary medical treatments. Sentry maintained that because Martin's death was self-inflicted, it was not liable to pay death benefits. See OCGA § 34-9-17 (a) (no compensation for self-inflicted injury). Martha maintained that there was no proof that Martin had intentionally killed himself. The parties finally agreed to settle their differences by entering into a Stipulation and Agreement, whereby Sentry paid Martha and the minor children $50,001 in settlement of any and all claims. The agreement was approved by the State Board of Workers' Compensation, as required by OCGA § 34-9-15.

Martha Dove then filed suit against Sentry for wrongful death, pain and suffering, and punitive damages, alleging Sentry committed "intentional torts . . . outside the purview of the Workers' Com-

pensation Act" in refusing to authorize medical treatment for Martin. The suit named all of Martin's children as plaintiffs, including Regan Dove, who was not a party to the OCGA § 34-9-15 settlement agreement because, as a nondependent adult, he was not entitled to death benefits under the Workers' Compensation Act. See OCGA § 34-9-13.

The trial court granted Sentry's motion for summary judgment, finding that the suit was barred by the settlement agreement. This Court affirmed in an unpublished opinion. Martha Dove filed a motion for reconsideration, reiterating that Regan was not a party to the settlement. This Court then added language to its original opinion, as follows: "There can be no dispute that this language estops and precludes appellant from filing this lawsuit. Obviously it does not bar suit by one who has a claim or cause of action but was not a party to the settlement."

Martha Dove then went back to the trial court and asserted the case remained pending in light of the language added by this Court on reconsideration, and she asked to be allowed to recast the complaint to reflect Regan Dove's cause of action. The trial court denied her motion and refused to re-open the case. She appeals.

Regan's only possible claim against Sentry is wrongful death, which must be brought by Martha, the surviving spouse of Martin. See OCGA § 51-4-2. As suggested in the earlier unpublished opinion, a wrongful death suit by Martha Dove on behalf of Regan is not barred on account of the settlement agreement entered into by Martha, since Regan was not a party to the settlement agreement in any capacity, and Martha did not represent his interest or sign the agreement on his behalf. See *Matthews v. Douberley*, 207 Ga. App. 578 (428 SE2d 588) (1993) (child's right of recovery under wrongful death statute is independent of surviving spouse's).

However, a compensable injury under the Act is defined as one "arising out of and in the course of the employment." OCGA § 34-9-1 (4). Regan, as one of Martin's "next of kin," has no claim if Martin's injury and death arose out of and in the course of his employment, since any such claim is barred by the exclusive remedy provision of the Act, OCGA § 34-9-11 (a), which provides in pertinent part: "The rights and the remedies granted to an employee by [the Act] shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or *next of kin*, at common law or otherwise, on account of such injury, loss of service, or death." (Emphasis supplied.) "The exclusive remedy provision of the workers' compensation law, by its express terms, applies [whether the employee is injured or killed], 'supplanting the common law with an absolute liability of an employer, and fixed entitlements for an employee and "his personal representative, parents, dependents, or next of kin, at common law or otherwise." [OCGA § 34-9-11 (a).]'

[Cit.]" *Smith v. Gortman*, 261 Ga. 206, 207 (403 SE2d 41) (1991).

Only if Martin's death falls outside the purview of the Act would Regan have a separate common law cause of action for the wrongful death of his father, specifically, if the death were caused by fraud or other intentional tort committed by the employer or its insurer, and then only if "the tortious 'act [was] not an accident arising out of and in the course of employment and where a reasonable remedy for such conduct is not provided by the Workers' Compensation Act.' [Cit.]" *Potts v. UAP-GA. AG. CHEM.*, 270 Ga. 14, 16 (506 SE2d 101) (1998). The gravamen of Martha Dove's wrongful death action is Sentry's refusal to authorize medical treatment for Martin. In *Doss v. Food Lion*, 267 Ga. 312, 313 (1) (477 SE2d 577) (1996), the Supreme Court held that when an employee's initial injury is made worse by the employer's intentional delay in authorizing treatment, no independent cause of action arises from the intentional delay, since such delay exacerbates a work-related physical injury. Accordingly, under the reasoning of *Doss*, Martha Dove's wrongful death action on behalf of Regan is barred. See also *Dutton v. Ga. Associated Gen. Contractor &c. Trust Fund*, 215 Ga. App. 607 (451 SE2d 504) (1994).

Martha Dove maintains *Doss* is distinguishable because it involved an employee who was covered under the Act. Here, she argues, Regan, as a nondependent child of the employee, was not covered by the Act. This argument, however, ignores the exclusive remedy requirement discussed above. Moreover, Martin Dove had no independent tort claim against his employer because *Doss* does not permit such a claim for an employer's intentional delay in authorizing treatment; and his wife, on behalf of their nondependent child Regan, has no claim for wrongful death, since that claim is derivative from Martin Dove's right. Accord *Henderson v. Hercules*, 253 Ga. 685 (324 SE2d 453) (1985) (The legislative intent of the Act "was to bring the entire family group within its coverage," so that "if a wife's injury is covered by workers' compensation, her husband's common law action for loss of consortium is barred."). Cf. *Hitachi Chem. Electro-Products v. Gurley*, 219 Ga. App. 675 (466 SE2d 867) (1995) (physical precedent only) (claims of minor children injured in utero by exposure of employees to hazardous and dangerous chemicals were not derivative of any work-related claim that could be asserted by the parent/employees against Hitachi and were thus outside the purview of Workers' Compensation Act and not subject to its exclusive remedy rule).

For the foregoing reasons, the judgment of the superior court is hereby affirmed.

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED MARCH 3, 1999 —

*A. Russell Blank*, for appellant.
*Richter, Head & Shinall, James W. Richter*, for appellee.