## A00A2157. McCARTY v. DELTA PRIDE.
(545 SE2d 117)

Miller, Judge.

Randall Scott McCarty contends the superior court erred when it reversed an award entered by the appellate division of the State Board of Workers' Compensation. We agree and reverse.

Construed in favor of the appellate division's findings,[1] the evidence showed that while employed by Delta Pride as a construction worker in the Central American nation of Belize, McCarty contracted malaria. McCarty and two other workers prepared and loaded equipment into a van in Georgia, drove the van belonging to Delta Pride from Georgia to Belize, and then remained for six weeks to install irrigation pipes and equipment on a banana plantation. While still in Belize, McCarty first began to experience symptoms of what was subsequently diagnosed as malaria: fever, chills, diarrhea, and lower backache. After returning to Georgia, McCarty was hospitalized for treatment of malaria.[2]

Delta Pride controverted McCarty's efforts to obtain workers' compensation benefits. Among its reasons for refusing to pay McCarty's medical bills, Delta Pride argued that malaria is not an "occupational disease" within the meaning of the workers' compensation statute, that McCarty was a farm laborer exempt from the Workers' Compensation Act, and that he performed all his work outside of Georgia.

1. Coverage for an occupational disease is available only if a claimant can satisfy certain conditions. By statutory definition, occupational diseases are "those diseases which arise out of and in the course of the particular trade, occupation, process, or employment in which the employee is exposed to such disease. . . ."[3] In addition to satisfying the standard "arising out of" and "in the course of employment" requirements, the victim of an occupational disease must also

---

[1] *Satilla Regional Med. Center v. Dixon*, 238 Ga. App. 619, 620 (1) (518 SE2d 723) (1999).

[2] McCarty testified that prior to working for Delta Pride in Belize on the irrigation project, he had never been outside of the continental United States.

[3] OCGA § 34-9-280 (2).

prove five essential elements:

> (A) A direct causal connection between the conditions under which the work is performed and the disease; (B) That the disease followed as a natural incident of exposure by reason of the employment; (C) That the disease is not of a character to which the employee may have had substantial exposure outside of the employment; (D) That the disease is not an ordinary disease of life to which the general public is exposed; [and] (E) That the disease must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a natural consequence.[4]

At the hearing, the administrative law judge ("ALJ") admitted the deposition of McCarty's treating physician, Peter Wrobel, M.D. Dr. Wrobel testified that malaria is an infectious disease that essentially has been eradicated from the United States but still occurs in Central America, Asia, and Africa. Dr. Wrobel attested to a causal connection between McCarty's work in Belize and the onset of the disease. He also testified that malaria is not considered a disease of life to which the general public in Georgia would be exposed. Ultimately, the ALJ decided that McCarty failed to prove the latter four conditions, (B) through (E). The ALJ concluded that McCarty did not sustain a compensable occupational disease and found that Delta Pride was not liable for the payment of any benefits.[5]

The appellate division, however, modified and amended that award, ultimately reaching the opposite result. The appellate division decided that a "preponderance of the competent and credible evidence [did] not support paragraphs 16 through 20," and struck those portions of the award entered by the ALJ. The appellate division then substituted its own explicit findings pertaining to subparts (B) through (E) of OCGA § 34-9-280 (2) and determined that McCarty met all of the statutory requirements. The appellate division directed Delta Pride to pay McCarty's past medical expenses of $5,035.51 and to pay temporary total disability benefits of $300 for one week only.

Delta Pride appealed to the superior court and prevailed. The superior court reversed the appellate division upon finding that McCarty failed to satisfy one of the five elements, specifically subpart (D) of OCGA § 34-9-280 (2). In so finding, the court relied upon the answer of McCarty's treating physician who had responded affirmatively to the question, "[y]ou would agree, wouldn't you, that every-

---

[4] OCGA § 34-9-280 (2) (A)-(E).

[5] Delta Pride was assessed a $500 penalty for failing to maintain workers' compensation insurance.

one in Belize is exposed equally to this disease, wouldn't you, whether you're at work or not at work?" The court also noted that McCarty had agreed with Delta Pride's counsel who suggested that "just about everybody in Belize gets malaria at some time or other. . . ." The court determined that the appellate division had improperly added to the requirements of the statute "the qualifier that the employee must only prove that the disease is not an ordinary disease of life to which the general public of Georgia is exposed." In reversing the award, the superior court decided that the appellate division had "no authority to add this qualifier to a statute that is plain on its face."

In this discretionary appeal, McCarty contends the superior court exceeded its authority by disregarding the findings of the appellate division and substituting its own judgment. We agree.

(a) When considering an appeal from an award or from the denial of workers' compensation benefits, the superior court may not substitute its findings for the appellate division's findings of fact.[6] The superior court is bound by the "any evidence" standard of review[7] and may not reweigh the evidence or judge witness credibility.[8] Further, in reviewing a workers' compensation award, both this court and the superior court must construe the evidence in the light most favorable to the party prevailing before the appellate division.[9] Absent a legal error, review by a superior court is confined to a determination of whether any evidence supported the decision of the appellate division.[10]

(b) But here, the superior court rejected the appellate division's statutory construction of subpart (D) of OCGA § 34-9-280 (2) and reconsidered the evidence in a light corresponding to the court's own viewpoint.[11]

In construing a statute, courts must attempt to implement the intent and purpose of the legislature in enacting the law.[12] The Workers' Compensation Act has long been recognized as a humanitarian measure that should be liberally construed to effectuate its purpose of providing relief to the injured employee and protecting employers from excessive damage awards.[13] And the interpretation of a statute

---

[6] OCGA § 34-9-105 (c); *Satilla Regional Med. Center*, supra, 238 Ga. App. at 620 (1).

[7] OCGA § 34-9-105 (c) (4); *Contract Harvesters v. Clark*, 211 Ga. App. 297 (1) (439 SE2d 30) (1993), citing *Ga. Cas. Co. v. Martin*, 157 Ga. 909, 915 (122 SE 881) (1924).

[8] *Owens-Brockway Packaging v. Hathorn*, 227 Ga. App. 110, 111 (488 SE2d 495) (1997).

[9] *Southwire Co. v. Molden*, 223 Ga. App. 389, 390 (477 SE2d 646) (1999).

[10] *Bankhead Enterprises v. Beavers*, 267 Ga. App. 506, 508 (480 SE2d 840) (1997).

[11] The only medical testimony came from Dr. Wrobel. But Dr. Wrobel disputed Delta Pride's premise that "malaria is an ordinary disease of life for anyone who resides in Belize." Instead, Dr. Wrobel agreed only that people living in Belize are "susceptible to it."

[12] *City of Waycross v. Holmes*, 272 Ga. 488, 489 (532 SE2d 90) (2000).

[13] *Samuel v. Baitcher*, 247 Ga. 71, 73 (274 SE2d 327) (1981).

by the agency charged with enforcing or administering its provisions is to be given great weight and deference,[14] unless contrary to law.[15]

The part of the statute at issue, subpart (D) of OCGA § 34-9-280 (2), requires "[t]hat the disease is not an *ordinary disease of life to which the general public is exposed*."[16] In analyzing subpart (D), the appellate division found: "that a reasonable and logical interpretation of this section, which is consistent with the intent of the Georgia General Assembly, is for the section to apply to ordinary diseases of life to which the general public *of Georgia* is exposed."[17] Construing the statute to mean the general public of Georgia, the appellate division noted that Dr. Wrobel had testified that "there is virtually no possibility of contracting malaria in Georgia, or in the United States." Based on Dr. Wrobel's opinion and the record as a whole, the appellate division found that McCarty satisfied subpart (D) because a "preponderance of the competent and credible evidence reveals that malaria is not an ordinary disease of life to which the general public of Georgia, or the United States, is exposed."[18]

The appellate division's statutory construction is consistent with both the beneficent purpose of the Act of protecting employees who sustain work-related injuries and with the Georgia Constitution's limitation upon the General Assembly's legislative powers for the welfare of the state.[19] The appellate division's liberal interpretation of the statute plainly corresponds with the humanitarian purpose of the Act.[20] Because some evidence supports the appellate division's finding and the law allows that finding, the superior court erred in substituting its own finding and in reversing the award.[21]

2. Contending that the superior court judgment should be affirmed as "right for any reason," Delta Pride argues that the Workers' Compensation Act did not apply to McCarty in any case because (i) McCarty was a farm laborer under OCGA § 34-9-2 (a) and (ii) all of McCarty's work took place outside of Georgia.[22] But some evidence supported the findings of the ALJ, as adopted by the appellate division, that McCarty was a construction worker, not a farm laborer,

---

[14] *Environmental Waste Reductions v. Legal Environmental Assistance Foundation*, 216 Ga. App. 699, 702 (2) (455 SE2d 393) (1995).

[15] OCGA § 34-9-105 (c) (5).

[16] (Emphasis supplied.)

[17] (Emphasis in original.)

[18] Compare *Fulton-DeKalb Hosp. Auth. v. Bishop*, 185 Ga. App. 771, 772 (365 SE2d 549) (1988) (physical precedent only) (hepatitis B is an ordinary disease to which general public is exposed).

[19] See *Baitcher*, supra, 247 Ga. at 73; Ga. Const. of 1983, Art. III, Sec. VI, Par. I.

[20] See *Hardee's v. Bailey*, 180 Ga. App. 332, 333 (1) (349 SE2d 211) (1986).

[21] *Guarantee Mut. Ins. Co. v. Wade Investments*, 232 Ga. App. 328, 330 (499 SE2d 925) (1998).

[22] See OCGA § 34-9-242.

and that more than a small portion of the work was performed in Georgia. We will not disturb these findings.[23]

*Judgment reversed. Pope, P. J., and Mikell, J., concur.*

DECIDED JANUARY 30, 2001.

*Hackel & Hackel, Thomas M. Hackel*, for appellant.
*Gibson & Spivey, Douglas L. Gibson*, for appellee.

---

[23] *Satilla Regional Med. Center*, supra, 238 Ga. App. at 620 (1).