## A02A0243. RIDLEY v. MONROE.
(569 SE2d 561)

RUFFIN, Judge.

Monica Ridley was injured in an automobile collision while riding in a car driven by her co-worker, Teresa Monroe. Claiming that Monroe's negligence caused the collision, Ridley sued Monroe for damages. Monroe moved for summary judgment, arguing that the exclusive remedy provision of Georgia's Workers' Compensation Act ("the Act") barred the claim.[1] The trial court granted Monroe's motion, and Ridley appeals. For reasons that follow, we affirm.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."[2] In this case, the relevant facts are undisputed.

Following the collision, Ridley filed a workers' compensation claim against her employer. Although the wreck occurred during her lunch break, Ridley asserted that she was on a work-related errand at the time and, therefore, was injured in the course of her employment. Although Ridley's employer initially controverted the claim, it ultimately entered a settlement agreement with Ridley and paid her compensation "in compromise and lump sum settlement of all disputed issues and claims within the scope and purpose of OCGA § 34-9-15."[3] Paragraph 3 of that agreement provided: "It is agreed and acknowledged by the parties that this claim is not compensable under [the] Georgia Workers' Compensation Law. Thus, all parties request that the State Board of Workers' Compensation enter an award that denies liability on behalf of the employer and insurer." As required by law, the parties submitted the agreement to the State Board of Workers' Compensation, which approved the settlement.[4]

Citing to this agreement, Monroe moved for summary judgment, arguing that because Ridley asserted and settled a workers' compensation claim, the exclusive remedy provision embodied in OCGA § 34-9-11 barred her negligence action. Ridley acknowledged Georgia's exclusive remedy rule, which provides, in part, that "when an injury is sustained during the course of employment as a result of the negligence of a co-worker, the employee's sole remedy is against the

---

[1] See OCGA § 34-9-11 (a).

[2] OCGA § 9-11-56 (c).

[3] Asked to admit below that "[a] settlement agreement [had] been reached whereby [she had] been paid or [would] receive monetary compensation or payment of benefits as a result of the . . . worker's compensation claim," Ridley only denied that "benefits under workers' compensation were paid."

[4] See *Justice v. Davidson Kennedy Co.*, 194 Ga. App. 585, 586-587 (391 SE2d 414) (1990) (workers' compensation settlement is not binding until approved by the board).

employer pursuant to the . . . Georgia Workers' Compensation Act."[5] She noted, however, that she settled her workers' compensation claim on a no-liability basis with the stipulation that the claim did not fall within the Act. According to Ridley, therefore, the exclusive remedy provision does not bar her suit against Monroe.

The trial court rejected Ridley's argument, concluding that by pursuing and settling the workers' compensation claim, she brought herself within the Act and its exclusive remedy restriction. We find no error.

The Workers' Compensation Act permits parties to settle claims short of trial, even where the parties dispute whether the Act applies to a claim. OCGA § 34-9-15, which governs and regulates workers' compensation settlements, provides:

> *Whenever it shall appear to the board,* by stipulation of the parties or otherwise, that there is a bona fide dispute as to facts, the determination of which will materially affect the right of the employee or dependent to recover compensation or the amount of compensation to be recovered, or *that there is a genuine dispute as to the applicability of this chapter, and it further appears that the parties have agreed upon a settlement between themselves,* which settlement gives due regard and weight to the conflicting evidence available relating to the disputed facts or to the questions as to the applicability of this chapter, then, upon such determination, *the board shall approve the settlement and enter an award conforming to the terms thereof.*[6]

In July 2000, the legislature amended OCGA § 34-9-15 to authorize the board to consider and approve "no-liability" stipulations in settlement agreements.[7] The amended provision allows the board "to approve a stipulated settlement between the parties which concludes that there is no liability under this chapter and to retain jurisdiction to enforce any agreement which resolves, in whole or in part, a claim filed with the board."[8] The legislature thus recognized that, where a dispute over liability arises but the parties want to settle a claim, they may decide to enter a "no-liability" stipulation. OCGA § 34-9-15

---

[5] *Dickey v. Harden*, 202 Ga. App. 645-646 (414 SE2d 924) (1992). See also OCGA § 34-9-11 (a).

[6] (Emphasis supplied.) OCGA § 34-9-15 (a) (Supp. 2001); see also *Justice*, supra at 586 ("'OCGA § 34-9-15 provides the sole method by which claims arising under the Workers' Compensation Act may be settled.'").

[7] See OCGA § 34-9-15 (b) (Supp. 2001); Ga. L. 2000, p. 1321.

[8] OCGA § 34-9-15 (b) (Supp. 2001).

(b) specifically empowers the board to approve and exercise jurisdiction over these settlements.

Through OCGA § 34-9-15, the legislature created specific rules and procedures for settling workers' compensation claims. Nothing in that Code section, however, removes a settlement agreement from the Act's exclusive remedy provision. As we have found on several occasions, OCGA § 34-9-11 bars tort suits against an employer or its employees following a workers' compensation settlement.[9] And we cannot accept Ridley's argument that an employee avoids the exclusive remedy's bar simply by inserting a "no-liability" clause into a settlement agreement. When the legislature specifically addressed "no-liability" stipulations in OCGA § 34-9-15 (b), it gave no indication that such stipulations remove a claim from the Act or the exclusive remedy restriction.[10]

The Workers' Compensation Act is a "humanitarian measure that should be liberally construed to effectuate its purpose of providing relief to the injured employee and protecting employers from excessive damage awards."[11] Permitting parties to circumvent the Act's exclusive remedy restriction simply by settling a claim on a "no-liability" basis undermines this purpose and eviscerates a legislative scheme in which the sole remedy lies against the employer.

The analysis suggested by Ridley, and advocated by the dissent, would allow an employer and injured employee in a "negligent co-worker" case to settle a workers' compensation claim and agree to a no-liability stipulation, with the expectation that the employee would then pursue claims against the co-worker in the potentially more lucrative tort arena.[12] By including "no-liability" language in their settlement agreement, an employer and injured employee could thereby dodge the exclusive remedy provision and leave the employee's otherwise protected co-worker open to liability.[13]

We cannot endorse this analysis. Without some signal that the legislature intended to exempt "no-liability" settlements from the exclusive remedy provision, we refuse to allow parties to avoid the

---

[9] See *Dove v. Sentry Ins.*, 236 Ga. App. 754, 755-756 (513 SE2d 289) (1999) (child could not bring wrongful death suit against his deceased father's employer after his mother settled a workers' compensation claim relating to the death, even though the employer initially denied liability under the Act); *Nat. Data Corp. v. Hooper*, 185 Ga. App. 866, 868 (366 SE2d 189) (1988) (employee could not sue employer for personal injuries after settling workers' compensation claim); *Thorn v. Phillips*, 164 Ga. App. 47, 48 (296 SE2d 251) (1982) (employee who settled workers' compensation claim for injuries suffered when he was struck by a vehicle at work could not bring separate tort action against co-worker who was driving vehicle).

[10] See OCGA § 34-9-15 (b) (Supp. 2001).

[11] *McCarty v. Delta Pride*, 247 Ga. App. 734, 736 (1) (b) (545 SE2d 117) (2001).

[12] Employers might even use the "no-liability" stipulation as a bargaining chip to obtain a better settlement.

[13] See *Thorn*, supra.

statutory bar — and fundamentally change the workers' compensation scheme — in this manner.[14] Until the legislature directs otherwise, parties cannot engineer exceptions to this provision merely by incorporating "no-liability" language into the boilerplate of their workers' compensation settlement agreements.

Ridley's citation to *Heffley v. Adkins*[15] does not require a different result. The *Heffley* claimant was injured while riding in a car driven by a Waffle House employee. She sought workers' compensation benefits from Waffle House, but Waffle House denied that the claimant was an employee. Eventually, Waffle House and the claimant stipulated that "she did not sustain a compensable injury and that Waffle House [was] not liable to her for workers' compensation benefits."[16] We subsequently permitted her negligence action against the employee driver to proceed, finding that the "no compensation award" under the stipulation established that the claimant was not a Waffle House employee and, consequently, that the exclusive remedy provision did not bar her claim against the driver.[17]

As an initial matter, we decided *Heffley* well before the legislature amended OCGA § 34-9-15 to specifically address "no-liability" stipulations. Furthermore, in contrast to *Heffley*, the "no-liability" stipulation in this case did not result in an award of "no compensation."[18] Although Ridley's board-approved settlement denied any liability on behalf of the employer, she received compensation through the agreement "in compromise and lump sum settlement of all disputed issues and claims."

We find, therefore, that the exclusive remedy provision applies here, despite the "no-liability" language in the workers' compensation settlement agreement. As noted by the dissent, Ridley apparently suffered a severe injury in the wreck. That fact, however, cannot sway our decision. Ridley alleged that she was injured in the course of her employment, sought workers' compensation benefits from her employer, and ultimately settled her claim for a lump sum amount pursuant to OCGA § 34-9-15. Under these circumstances, the trial court properly found that OCGA § 34-9-11 barred Ridley's claims against Monroe.[19]

*Judgment affirmed. Pope, P. J., Andrews, P. J., Johnson, P. J., and Mikell, J., concur. Barnes and Phipps, JJ., dissent.*

---

[14] See *McCarty*, supra (when construing a statute, court must "attempt to implement the intent and purpose of the legislature in enacting the law").

[15] 209 Ga. App. 736 (434 SE2d 537) (1993).

[16] Id.

[17] See id. at 736-737 (1).

[18] Id. at 736.

[19] See OCGA § 34-9-11 (a); see also *Thorn*, supra.

BARNES, Judge, dissenting.

Because I disagree that the exclusive remedy provision of the Workers' Compensation Act bars Ridley from bringing this suit, I respectfully dissent from the majority opinion.

When she was injured, Ridley was a passenger in her co-worker Monroe's car while on a lunch break. She alleged in her complaint that Monroe was speeding and collided with another car that pulled out of a driveway into the road. She apparently suffered a broken neck and incurred more than $20,000 in medical expenses. She filed a workers' compensation claim that day, which her employer controverted four months later, and then filed this personal injury action against Monroe shortly before the two-year statute of limitation ran. Monroe denied liability and raised the affirmative defense of the exclusive remedy provision, among other defenses.

The record includes a copy of a "Compromise Stipulation and Agreement" among Ridley, the employer, and the workers' compensation carrier, filed with the State Board of Workers' Compensation. In it, the employer and insurer recite their contention that Ridley "was not injured in and out of the course of her employment with the employer." The parties agreed that Ridley's claim "is not compensable under Georgia Workers' Compensation Law," and sought an award by the Board denying liability on behalf of the employer and insurer. The document also refers to a "lump sum settlement," but includes no reference to the amount of monetary payment.

Monroe argued on summary judgment that the workers' compensation settlement agreement barred Ridley's personal injury suit against her, and the trial court agreed. We now consider whether a settlement agreement in which the employee, employer, and insurer agree that the employee's injury is not covered by the Act constitutes a right and remedy granted to the employee by the Act that bars a lawsuit against an allegedly negligent co-worker.

OCGA § 34-9-11 (a) provides that "[t]he rights and the remedies granted to an employee by this chapter shall exclude all other rights and remedies of such employee, his personal representative, parents, dependents, or next of kin, at common law or otherwise, on account of such injury, loss of service, or death. . . ." We have reversed a summary judgment granted to a defendant under the exclusive remedy provision where we concluded that the evidence was conflicting as to whether the employee was injured in the scope of her employment. *Wade v. Ga. Diversified Indus.*, 240 Ga. App. 225 (522 SE2d 746) (1999). We have no such conflict here; the evidence of record establishes that Ridley was not injured in the scope of her employment, and thus her personal injury suit should not be barred.

Monroe has not met her burden of proving Ridley is covered under the Act.

A defendant may assert *coverage* by the Workmen's Compensation Act as a bar to a common law negligence action against him arising out of the same occurrence. And this is true whether or not a claim for compensation has been made. But in order to sustain such assertion one must plead and prove coverage under the Act. If there were an award of compensation it would, of course, be an adjudication of coverage and consequently a bar to a common law action. On the other hand, if there were an award of no compensation because of no coverage under the Act, it would be an adjudication of no coverage and the common law action should proceed. But the record indicates that, as yet, there has been no award and hence no adjudication either way, and if the defendants are to sustain their plea they have the burden of showing coverage as a bar.

(Citation omitted.) *Bishop v. Weems*, 118 Ga. App. 180, 181 (4) (162 SE2d 879) (1968).

A 2000 amendment to OCGA § 34-9-15 (b) authorizes the Board to approve a stipulated settlement between the parties that concludes there is no liability under this chapter. The record contains a settlement agreement in which Ridley and her employer agree that the injury she suffered while on a lunch break is not compensable under Georgia workers' compensation law.

We are in no position to otherwise conclude that Ridley's claim was compensable. "[I]t is well-settled law in this state that where a 'rest break' or 'lunch break' is provided to an employee, during which time the employee is free to use the time as he chooses, making it personal to him, an injury occurring during the break period arises out of personal pursuit and not out of the employment and is not compensable." *Blair v. Ga. Baptist Children's Home &c.*, 189 Ga. App. 579, 582 (2) (377 SE2d 21) (1988).

The majority notes that the legislature did not indicate in OCGA § 34-9-15 (b) that no-liability stipulations remove a claim from the exclusive remedy restriction. The conclusion that the exclusive remedy provision does not apply if there is no liability under the Act would seem to follow naturally, without explicit direction. Further, "the Board had already been approving such no-fault settlements, and the change codified that practice" rather than creating a new practice. 17 Ga. State U. L. Rev. 231, 234, fn. 32 (2000).

For these reasons, I respectfully dissent.

I am authorized to state that Judge Phipps joins in this dissent.

DECIDED JULY 2, 2002 —
RECONSIDERATION DENIED JULY 25, 2002.

*Carl A. Veline, Jr.*, for appellant.
*Martin, Snow, Grant & Napier, John C. Daniel III, Richard A. Epps, Jr.*, for appellee.