A11A1501. BREWER v. WELLSTAR HEALTH SYSTEM et al.

(723 SE2d 526)

ANDREWS, Judge.

After Joseph P. Brewer incurred a compensable back injury while employed by WellStar Health System, Brewer and WellStar entered into a stipulated settlement agreement approved by and made the award of the State Board of Workers' Compensation pursuant to OCGA § 34-9-15 (a). At issue in this appeal is whether WellStar was required under OCGA § 34-9-221 (f) to pay a late payment penalty of 20% of the benefits payable under the award for failure to pay the benefits within 20 days after they became due. Brewer appeals from the order of the Superior Court, affirming the decision of the Board's Appellate Division, that found the Board properly exercised discretion pursuant to OCGA § 34-9-15 (b) not to assess a late payment penalty. For the following reasons, we find the Board had no such discretion and reverse.

At a hearing before an Administrative Law Judge (ALJ) to determine whether WellStar was required to pay the 20% penalty, facts stipulated to by the parties and found by the ALJ showed the following: On July 7, 2009, the Board approved the stipulated settlement agreement; entered an award conforming to the terms of the agreement; and used its automated e-mail system to send notice of the approval and award to all the parties. The Board was aware prior to July 7, 2009, that some parties were not receiving notice of approval of agreements sent by its automated e-mail system. In this case, the automated e-mail notice was not received by WellStar (the employer/self insurer), or by PMA Management Corporation (Well-Star's servicing agent), or by WellStar's counsel. There was no discussion between the Board or any of the parties regarding Board approval of the agreement until August 4, 2009, at which time counsel for Brewer requested that the 20% late payment penalty be imposed on WellStar. After WellStar received notification on August 4, 2009, that the Board had approved the agreement and issued an award, WellStar sent settlement checks paying the benefits due under the agreement and award, and payment was received by

Brewer within one week of August 4, 2009.

The settlement agreement became a binding award when it was approved by the board on July 7, 2009. *Northeast Ga. Health System, Inc. v. Danner*, 260 Ga. App. 504, 505 (580 SE2d 293) (2003); OCGA § 34-9-15 (a). Under OCGA § 34-9-221 (f), "[i]f income benefits payable under the terms of an award are not paid within 20 days after becoming due, there shall be added to the accrued income benefits an amount equal to 20 percent thereof. . . ." Moreover, "[p]enalties accrue automatically by operation of [OCGA § 34-9-221 (f)] upon failure of the employer to pay in a timely fashion." *Ayers v. Rembert*, 241 Ga. App. 698, 700 (527 SE2d 290) (1999). Applying these holdings to the stipulated facts, the ALJ ruled: (1) that the penalty automatically accrued under the provisions of OCGA § 34-9-221 (f) when WellStar failed to pay the benefits within the 20-day period; (2) that nothing in the Workers' Compensation Act (the Act) (OCGA § 34-9-1 et seq.) made WellStar's compliance with the statutory requirement to timely pay the award contingent on WellStar being notified that the board had approved the settlement agreement and issued an award; and (3) that WellStar had the responsibility to inform itself that the board had issued an award. Accordingly, the ALJ issued an award requiring WellStar to pay the 20% late payment penalty pursuant to OCGA § 34-9-221 (f).

On appeal from the ALJ, the Appellate Division of the Board, applying the same undisputed facts, reversed the ALJ. The Appellate Division found as a matter of law that the Board had discretion under OCGA § 34-9-15 (b) to determine whether or not to assess a late payment penalty under OCGA § 34-9-221 (f), and that, under the circumstances of this case, no late penalty should be assessed. Alternatively, the Appellate Division found that, because it was undisputed that WellStar did not receive notice that the agreement was approved and an award was issued on July 7, 2009, benefits payable under the award were not "due" on July 7, 2009, and WellStar could not be penalized under OCGA § 34-9-221 (f) for failure to pay within 20 days of that date.

On appeal from the Appellate Division, the Superior Court affirmed on the basis that the Appellate Division correctly found that the Board had discretion under OCGA § 34-9-15 (b) as to whether a late penalty should be assessed and that no penalty should be assessed on the present facts.

First, we find that benefits payable under the award became due on July 7, 2009, the date the agreement was approved and the award pursuant thereto was issued. Second, we disagree with the conclusion of the Appellate Division and the Superior Court that the Board had discretion under OCGA § 34-9-15 (b) as to whether to assess a

late penalty under OCGA § 34-9-221 (f). Under OCGA § 34-9-15 (b):

> The board shall be authorized to approve a stipulated settlement between the parties which concludes that there is no liability under this chapter and to retain jurisdiction to enforce any agreement which resolves, in whole or in part, a claim filed with the board. If payments required under such an agreement are not made within 20 days, the board may assess a penalty of 20 percent in the same manner as provided in Code Section 34-9-221.

Subsection (b) was added by amendment to OCGA § 34-9-15 in July 2000 "to authorize the board to consider and approve 'no-liability' stipulations in settlement agreements." *Ridley v. Monroe*, 256 Ga. App. 686, 687 (569 SE2d 561) (2002). It authorizes the Board to retain jurisdiction to enforce any agreement which, for consideration, settles a dispute while concluding there was no liability under the Act. Id. at 687-688. Under subsection (b), if payments required under a no-liability stipulated settlement are not made, "the board may assess a penalty of 20 percent in the same manner as provided in Code Section 34-9-221." Contrary to the conclusion reached by the Appellate Division and the Superior Court, we find that OCGA § 34-9-15 (b) applies solely to no-liability stipulated settlements and does not give the Board discretion to determine whether to assess the penalty required under OCGA § 34-9-221 (f) for failure to timely pay an award issued on an approved liability stipulated settlement where an injury compensable under the Act has been established. Because Brewer and WellStar entered into a liability stipulated settlement agreement under OCGA § 34-9-15 (a), which recognized a compensable injury, the provisions of OCGA § 34-9-15 (b) did not apply.[1]

*Judgment reversed. Phipps, P. J., and McFadden, J., concur.*

DECIDED FEBRUARY 21, 2012 — 

*Smith, Wallis & Scott, Kenneth A. Smith*, for appellant.

---

[1] We note that the Board and the Superior Court rejected WellStar's claim that the statutory penalty in OCGA § 34-9-221 (f), as applied in these proceedings, violated constitutional due process because WellStar received no notice the award had issued and had no opportunity to pay the awarded benefits before the 20-day period expired. We express no opinion on whether assessing the statutory penalty would be an unconstitutional violation of due process. When the constitutionality of a statute, as applied, is raised and ruled upon, it presents an issue within the exclusive appellate jurisdiction of the Supreme Court. *East Georgia Land & Development Co. v. Baker*, 286 Ga. 551, 552 (690 SE2d 145) (2010).

*Savell & Williams, Gregg M. Porter, Lindsey M. Pence*, for appellees.